Doe, on the Demise of Morris, *v.* Himelick. .

The purchaser of real estate for taxes must prove, *inter alia,* in making out his title, that the precept required by the statute had been received by the collector, authorising him to collect the taxes.

An agent is generally admitted as a witness, from necessity, to prove his delivery of goods or payment of money for his principal.

Wednesday, May 30.

APPEAL from the *Franklin* Circuit Court.

Blackford, J.—Ejectment. Plea, not guilty. There was a special verdict, which, so far as it is necessary to state it, is as follows: That the land in question was, in 1826, liable to assessment for taxes, and was assessed accordingly; that the owner of the land, by his agent, paid to the collector, before the sale in 1826, all the taxes which were required of him, but did not pay the taxes on the land described in the declaration; that the collector sold the land to the lessor of the plaintiff, at the time and in the manner stated in the collector's deed. The verdict then sets out the collector's deed, and states that the defendant is in possession under a conveyance executed to him by the patentee of the land. Upon this verdict, the Court gave judgment for the defendant.

The facts set out in this special verdict do not show that the

plaintiff is entitled to recover. There is no statement by the jury, that the precept required by the statute had been received by the collector, authorising him to collect the taxes. The verdict, to be sure, sets out the collector's deed; and that deed is *prima facie* evidence under the statute, that the collector after the receipt of the precept, had done his duty relative to the sale. *Parker* v. *Smith, May* term, 1835. But the deed is no evidence that the collector had authority to sell the land. The existence of the precept, authorising him to act in the premises, should have been proved *aliunde.* This case may be compared to the evidence required of a purchaser of real estate at a sheriff's sale under execution. It is settled in such case, that the judgment and execution must be produced as well as the sheriff's deed, in order to show the authority of the sheriff to sell. *Armstrong* v. *Jackson, November* term, 1822. The judgment on the special verdict is therefore correct.

There is one other question raised in the cause. The defendant at the trial offered to prove by his agent, that the witness had paid the taxes. The witness was objected to as being interested, but the objection was overruled. The case, however, does not require an opinion respecting the admissibility of the witness, as the jury have found the payment not to have been made. It may be observed, however, that an agent is generally admitted, from the necessity of the case, to prove the delivery of goods or the payment of money by him for his principal. 1 Stark. Ev. 120.

DEWEY, J. was absent.

*Per Curiam.*—The judgment is affirmed. To be certified, &c. Judgment for costs against the lessor of the plaintiff.

*J. Ryman,* for the appellant.
*G. Holland,* for the appellee.