*D. Macy* and *J. Ryman,* for the state.

---

HEARICK and Others *v.* DOE on the demise of DUNN and Others.

The possession of land under a deed given upon a sale for taxes, is adverse, though the title under the deed may be invalid.

Under the R. S. 1824, a collector's deed upon a sale for taxes was *prima facie* evidence that the collector had done his duty in relation to the sale.

Where land is held adversely, the party out of possession, although his right may be valid, is incapable of conveying to another.

ERROR to the *Switzerland* Circuit Court.

DAVISON, J.—This was ejectment for the east half of the south-east quarter of section 11, in township 2, of range 1, in *Switzerland* county.

May Term,
1853.

HEARICK
v.
DOE.

Monday,
May 30.

The suit was brought on the demise of *Isaac Dunn, Benjamin M. Piatt, Hannah C. Grandin,* and *Philip Grandin,* her husband.

The declaration was filed on the 10th of *November,* 1848.

*Vienna Hearick,* and others, who claimed title under one *James Hearick,* deceased, were admitted defendants.

Plea, not guilty. Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

On the trial, the plaintiff proved that the land in dispute was entered by one *West,* at the *United States* land-office at *Cincinnati, Ohio,* on the 9th of *May,* 1818, who obtained a certificate of purchase for the same; that he sold and assigned the certificate to *John H. Piatt,* who died in the year 1822; that his executors, on the 9th of *April,* 1825, made final payment for the land, and on the 10th of *December,* 1845, a patent was issued for the same from the general land-office to the heirs of said deceased, to-wit: *Benjamin M. Piatt, Abram S. Piatt, Hannah C. Grandin,* wife of *Philip Grandin,* and *Frances Dunn,* wife of *Isaac Dunn;* that *Abram S. Piatt,* one of the heirs named in the patent, on the 16th of *April,* 1844, by deed in fee, conveyed all his interest in said land to *Isaac Dunn;* that *Frances Dunn* had died in the year 1840, leaving as her heirs *John P. Dunn, George Dunn, Jacob P. Dunn, Strange S. Dunn, Hannah Ann Dunn,* now the wife of *George Tousey, Sarah Jane Dunn,* now the wife of *William C. Layton;* and that the said heirs of *Frances Dunn,* on the 13th of *April,* 1848, by deed in fee, conveyed all their interest in said land to *Isaac Dunn.*

The plaintiff gave in evidence the said patent, and then offered in evidence the said several deeds to *Isaac Dunn,* to the admission of which the defendants objected, on the ground that at the time of the execution and delivery of said deeds, the grantors were out of possession

of the land; but the Court overruled the objection, and the deeds were given in evidence.

The plaintiff here rested.

The defendants gave in evidence certain records, entries, certificates and deeds, which showed that the land in dispute was assessed for taxation, for state and county purposes, in the year 1824, as non-resident lands; that a precept was issued to the collector of taxes for that year, commanding him to collect such taxes, which precept bears date the 8th of *June*, 1824, and went into the hands of the collector on the 17th of *July* following; and that on the 6th of *October*, in the same year, the land was sold by the collector to one *Abner Clarkson*, who received a certificate of purchase; that on the 9th of *July*, 1828, *Clarkson* assigned the certificate to one *Humphry*, who, on the 15th of the same month, assigned it to *McIntire*, who, on the 9th of *September* following, assigned it to *Stephen* and *Frisby Hicks;* that on the 9th of *September*, 1828, *Henry Banta*, the then collector of taxes for *Switzerland* county, conveyed the land, by deed, to *Stephen* and *Frisby Hicks;* and they, on the 3d of *September*, 1835, by deed in fee, conveyed the same to said *James Hearick*.

There was evidence tending to prove that *McIntire* took possession of the land in the summer of 1828, and that *Stephen* and *Frisby Hicks* were in possession of it in the fall of that year, and commenced building a mill thereon, which they completed the same fall, or in the spring of 1829; that they continued in possession until they sold to said *James Hearick*, when he took and continued in possession of the land until his death; and that the defendants have been in the continued and uninterrupted possession of the same from the death of said *James* up until the trial of this cause.

The record shows that the defendants moved the Court to instruct the jury as follows:

1. That if the jury believed, from the evidence, that the defendants had possession of the land in question by virtue of a sale of it for taxes, and had a deed, although the previous and intermediate steps from the assessment

of the land for taxation to the making of the deed by the collector were not proved, it was sufficient to constitute an adverse possession. And if the jury further believe, from the evidence, that said defendants, and those under whom they hold, had been in such adverse possession of said land more than twenty years before the commencement of this suit, they should find for the defendants.

2. That if the jury believe, from the evidence, that the defendants were in the possession of said land, holding the same by virtue of a sale for taxes, and claiming it as their own at the time of the conveyances of *Piatt* and the *Dunns* and others to *Isaac Dunn*, in that case the deeds from *Piatt* and the *Dunns* and others to *Isaac Dunn*, are void, and *Isaac Dunn*, as one of the lessors of the plaintiff, cannot recover in this suit.

These instructions were refused, and the Court instructed the jury as follows: That the collector's certificate of sale is not evidence to prove that the land was advertised for sale as required by law, and that if there is no other evidence of such advertisement, the tax-title is void.

The question presented by the record is, did the Court err by refusing the instructions moved by the defendants below?

These instructions should have been given. They assume positions which are obviously correct, and are pertinent to the defence set up.

It was shown by the evidence that *Stephen* and *Frisby Hicks* entered upon the land in dispute in the year 1828; and that they, and those claiming under them, have been in the continuous possession of it ever since. Their entry appears to have been made in good faith, under an assertion of right, and a title which they believed to be good.

To constitute an adverse possession, a rightful title is not required. It has been said that, "whenever this defence is set up, the idea of right is excluded; the fact of possession and the *quo animo* it was commenced and continued, are the only tests." *Smith* v. *Burtis*, 9 Johns. R. 174.—*Jackson* v. *Newton*, 18 *id*. 355.

The title under which the defendants held was not a nullity. It was derived from a collector's sale, and a deed made in pursuance of that sale. The land in question was assessed for taxation for the year 1824, as non-resident land, and a precept commanding the collection of taxes for that year, was regularly issued and placed in the hands of the collector. The deed was made pursuant to an act of 1824. See R. S. 1824, s. 12, p. 344. And under that act it was, at least, *prima facie* evidence that the collector had done his duty relative to the sale. *Doe* v. *Himelick*, 4 Blackf. 494.

In this view it is evident that the defendant's title, although it may have been defective and not rightful, was still sufficient to support a possession adverse to the title of the plaintiff's lessors. 9 Wend. 530.—*Jackson* v. *Newton, supra.*

It seems to us that an adverse possession in the defendants is fully established by the evidence; but whether it commenced within twenty years next before the commencement of this suit, was a question which should have been left to the jury, in accordance with the first instruction moved by the defendants.

The possession of the defendants being adverse at the time the several deeds were executed and delivered to *Isaac Dunn,* it follows that these deeds are void.

The law is settled, that where land is held adversely, the party out of possession, although his right may be valid, is incapable of conveying to another. *Roseboom* v. *Van Vechten,* 5 Denio 530.—4 Kent's Com. 449.—*Doe* v. *Crocker,* 2 Ind. R. 575.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

D. *Kelso* and J. *W. Gordon,* for the plaintiffs.

J. *Sullivan,* for the defendant.