Filed Oct. 16, 1894.

————————◆————————

No. 1,310.

## FORESTER *v.* FORESTER.

PARENT AND CHILD.—*Recovery for Services.—Contract.—Declarations Upon Express Contract.— Quantum Meruit.* —Under a complaint brought by a son against his father to recover upon an express but non-special contract for services rendered there may be a recovery upon a *quantum meruit* upon proof of an implied promise.

SAME.—*Existence of Contract a Question for the Triers.—Rule Upon Appeal.*—In an action by a son against his father to recover for services rendered, a judgment in favor of the plaintiff will not be disturbed on appeal if there is any evidence tending to establish an express contract, or circumstances from which it may be inferred that there was an agreement or understanding that compensation was to be made.

From the Allen Superior Court.

*J. M. Robinson*, for appellant.

*H. Colerick* and *J. E. K. France*, for appellee.

LOTZ, C. J.—This is an action by a son against his father.

The complaint avers that the defendant is indebted to the plaintiff in the sum of $1,800, for work and labor done by the plaintiff as a farm hand and laborer upon the farm of the defendant during the period of twelve years; that "said services were rendered at the instance and request of, and for, the defendant, and upon his (defendant's) promise to pay therefor, and were fairly and reasonably worth $150 per year."

There was a trial by a jury, which resulted in a verdict and a judgment in favor of the appellee in the sum of $1,200. With their general verdict, the jury also returned answers to interrogatories propounded to it.

The appellant moved for judgment in his favor on the answers to the interrogatories. This motion was overruled, and this ruling is assigned as error.

There is no irreconcilable conflict between the general verdict and the answers. The motion was properly overruled.

A motion for a new trial was overruled, and this ruling is one of the errors assigned.

It is insisted that there is a fatal variance between the proof and the allegations of the complaint; that the complaint declares upon an express promise, while the proof, if it establishes any right to recover at all, shows an implied promise.

The appellant invokes the familiar rule that the recovery must be *allegata et probata;* that a party who bases his right of recovery upon the breach of a special contract can not recover upon proof of the breach of an implied contract. *Armacost, Admr.,* v. *Lindley, Admr.,* 116 Ind. 295.

The evidence tends to prove substantially these facts: At the time of the trial, the father was the owner of a farm consisting of eighty acres, situate about eight miles from Fort Wayne; between forty and fifty acres were cleared and under cultivation, and the remainder in woods. The farm was of the value of four or five thousand dollars. The father also owned cattle and stock, and implements of the value of from four to eight hundred dollars. The appellant was married three times. The appellee is a son by the first wife, who died leaving appellee, four years old, and a younger brother two years old. The father married again shortly after the death of

his first wife. The younger brother died in 1878. The second wife died in 1890. Until her death she and the father and son lived together as members of the same family. After the death of the second wife the father and son remained on the farm as before until the father married again, when the son left. While the father and son lived upon the farm, they jointly farmed it, raising wheat, corn, oats and stock, and cleared and drained portions of it, and otherwise improved it. At the time of the trial the father was sixty-six years old and the son thirty-two. After attaining his majority, the son lived with his father for about twelve years. During a portion of the time the son assumed to and did control and manage the farm, sold the farm products and purchased with the proceeds farm machinery and implements. The father and son occasionally had altercations, and in some of them the father ordered the son to leave the farm. The father, on several occasions, while they were at work, stated to the son that the farm should be the son's when he got through with it, or after his death, and that in making improvements the son was working for himself. He also made similar statements to other persons. His explanation of these statements was that his son would take the farm as his heir after the death of himself and wife. Shortly after the last marriage the father and son had an altercation, and the son was compelled to leave the home.

The jury, in answer to interrogatories, found that there was an express promise on the part of the father to pay the son for the services performed; that such agreement was made at different times between them on the farm; that as pay for said services the son was to have, or take, the farm at the father's death; that the son, when he rendered such services, expected pay therefor, although he did not so inform his father; that the father

expected to pay the son for such services; that it was the intention of both that the son should be compensated for his services by becoming the owner of the father's property and farm at his death.

The appellant's contention is that if the evidence and findings of the jury establish any right of recovery at all, it must be upon an implied, and not upon a special, contract, and that under the rule above stated there can be no recovery in this action at all.

The case of *Wallace, Admr.*, v. *Long, Guar.*, 105 Ind. 522, is relied upon in support of this position. In that case it appears that a husband and wife were childless, and that they took into their family a child of the age of seven years upon the agreement and understanding "that, if she would live with them during their lifetime, and until the death of both, and become and act * toward them as their child, and permit herself to be known and called as their child, * * * they would make her their heir, and that at their death, or at the death of the survivor of the two, they would will, bequeath and give her the entire estate of which they were possessed."

The claim was to recover the value of the entire estate, consisting of both real and personal property. The plaintiff had a verdict for $6,000, the value of the whole estate. The contract was held to be void as being within the statute of frauds, and the judgment was reversed, with instructions to sustain the motion for a new trial.

In the course of the opinion, this language is used: "Where, therefore, services have been performed, or money paid, in consideration of property to be conveyed, if the contract is not enforcible by reason of the statute of frauds, the action is not on the special contract, but, in the case of services performed, the action is on a *quantum meruit* to recover the value of the services * * * In such a case, the value of the services per-

formed, and not the value of the property agreed to be conveyed, is the measure of damages."

It is insisted that the contract proved is one that relates to acquiring title to real estate, and is void under the statute of frauds, and that there can be no recovery on a *quantum meruit.* ·

In *Schaffner* v. *Kober*, 2 Ind. App. 409 (414), it is said: "In an action on a special contract there can be no recovery on a *quantum meruit.*" Citing *Condran* v. *City of New Orleans*, 9 So. Rep. 31.

The term, *"quantam meruit,"* properly speaking, relates to the measure of damages rather than to the basis or form of action. It is no uncommon thing, in an action on a special contract, to measure the damages by the rule *quantum meruit.*

What is meant by this expression in the above cases, is that in a declaration upon a special contract, there can be no recovery upon proof of an implied contract; or where the complaint declares upon a special contract which is void, there can be no recovery upon proof of an implied contract. An express contract is one whose terms are uttered or stated in words or writing. An implied contract is a matter of inference or deduction. The obligation arising under it is akin to duty. Whenever one, in justice and right, ought to do a particular thing, the law deems him to have promised to do it.

A special contract is one with peculiar provisions or stipulations not found in the ordinary contract relating to the same subject-matter. These provisions are such which, if omitted from the ordinary contract, the law will never supply.

An express contract may or may not be special. But a special contract is always express.

The contract declared on in the complaint in this action is an express one but not a special one. The com-

mon law rule is that a declaration in assumpsit must always allege an express promise.

In Gould Pleadings, paragraph 48, section 19, the rule is stated thus: "In the action of *indebitatus assumpsit* if there is an actual *debt* or *legal liability* (by simple contract) on the part of the defendant, but as is frequently the case, no *express* undertaking to pay the debt; the plaintiff, in his declaration, must regularly allege a promise. For as the action of assumpsit is in form and structure adapted to no other demands than those arising upon promises, the law—when no promise has been actually made—*implies* or *presumes* one, from the fact of the defendant's being indebted; for the purpose of entitling the plaintiff to this beneficial action, instead of the precarious and less remedial action of debt, which was anciently his only remedy in such a case. But whenever the promise is thus implied, it is declared upon as an *express* one, and upon the face of the record it is always taken to be express. There is indeed no such thing as an implied promise *in pleading*; or rather the fact of its being implied appears only in *evidence*, and never upon the record."

Even under code pleading those decisions which hold an allegation that the defendant "is indebted" to be sufficient, the promise is included within the term; for he could not be indebted without a promise to pay. The pleading must allege an express promise, but a recovery may be had upon the proof of an implied promise. The rule of pleading and the rule of evidence must not be confounded. The pleader must allege an express contract, but if the evidence establishes an implied promise, the law comes in and says that as the defendant in justice ought to pay he will be deemed to have promised. After an implied promise is once established by the evidence, it then becomes, in legal fiction, the express

promise of the defendant, and should be so declared on. There is no conflict between the common law rule and the decisions in this State when properly construed, although there are certain expressions in some of them that indicate to the contrary. The rule is that the pleader may declare on an express, non-special contract, and recover upon proof of an implied promise. But he can not declare on a special contract and recover upon proof of an implied promise, nor *vice versa*. In *Wallace, Admr.*, v. *Long, Guar.*, *supra*, the complaint declared on a special contract. This contract when proved was held to be void under the statute of frauds. As there was no paragraph declaring on a non-special contract, the judgment was reversed. If the evidence in this case proves a special contract, void under the statute of frauds, as contended, then we have a paragraph of complaint which will support a recovery upon a *quantum meruit*. *Puterbaugh, Admx.*, v. *Puterbaugh*, 7 Ind. App. 280; *Taggart, Admr.*, *Tevanny*, 1 Ind. App. 339. We do not think there is any variance between the proof and the pleadings.

It is next insisted that the evidence does not support the verdict. The general rule is that when persons live together as members of one common family, constituting one household, there can be no recovery for services performed by one or for board furnished by the other, unless there be proof that compensation was intended. In this connection the appellant quotes and relies upon the following as the law applicable to the facts of this case: "The presumption being against a contract, the law requires that when a promise is alleged to have been made, proof must be direct, clear and positive. Loose declarations made to others, or even to the claimant himself, will not answer. That which may be only an expression of intention is inadequate for the purpose. A legal obligation capable of being enforced must have

been intended.    The ordinary expressions of gratitude for kindness to old age, weakness and suffering, are. not to be tortured into such contracts.    Hence, under such circumstances, when a child claims to recover for such services he must show an express contract by the father to pay such wages, either by direct or positive evidence of the fact or by circumstantial evidence equivalent to direct and positive.''    26 Cent. L. J. 54.

Conceding this to be a correct statement of the law, still, if there is any evidence tending to establish an express contract, or circumstances from which it may be inferred that there was an agreement or understanding that compensation was to be made, then this court will not disturb the verdict or findings upon the weight of the evidence, for the existence of such contract or understanding is a question of fact for the jury.    *Puterbaugh* v. *Puterbaugh, supra.*

We think it a legitimate inference which the jury might draw from all the facts and circumstances, that the son was induced to remain upon the farm and render the services upon the promise that the property should become his at the death of his father; that it was the intention of the father that the son should have the land after his death; and that he would be compensated for his services in this manner.    If the son is not entitled to recover upon the facts of this case, then when the father compelled him to leave home, or changed his mind about the property passing to the son, the son might be stripped of all his years of labor.

The questions which we have above considered are the ones chiefly relied upon for the reversal of the judgment. Many other causes. for a new trial are presented.    We have considered each and find no error for which the cause should be reversed, and deem it unnecessary to

further prolong this opinion by considering them in detail.

Judgment affirmed, at the costs of appellant.

