Lotz, J.
In this action the appellee sought to recover a judgment against the appellant for the value of pasturage furnished by the appellee to appellant’s live stock. The complaint is in the ordinary form, and alleges that the pasturage was furnished at the special instance and request of the defendant. Trial by jury and verdict in favor of appellee in the sum of $130, on which judgment was pronounced.
The only assignment of error discussed by appellant’s counsel is the overruling of the motion for a new trial. It appears from the evidence, that the appellant was the owner of a farm consisting of about one hundred and forty acres, all of which he leased to the appellee, except the dwelling house and garden. The appellant’s live stock were permitted to pasture and graze upon said lands, with the knowledge of both appellant and appellee, Nothing was ever said between them as to pay therefor at the time.
If we understand the argument of appellant’s counsel it is contended that there is a fatal variance between the allegations of the complaint and the proof; that the complaint declares upon an express special contract, while the proof establishes an implied contract. It is true that *264 when a complaint declares upon a special contract there can be no recovery upon an implied one. An express contract is one in which the terms are stated in parol or in writing, while an implied contract is a matter of inference or deduction. It creates an obligation akin to duty. A special contract is one of peculiar terms or provisions. An express contract may or may not be special, but a special contract is always express. The common law rule of pleading was that a declaration in assumpsit must declare upon an express promise, but a recovery might be had on proof of an implied promise, and this seems to be the rule under the code. Forester v. Forester, 10 Ind. App. 680. It is true that the complaint makes use of the words “special instance and request,” but these are not words of the contract itself. They merely state a conclusion of the pleader, and not a fact. The complaint may be construed as declaring on an express promise but not on a special promise. As a recovery may be had upon the proof of an implied promise, although the complaint aver an express one, there was no variance, and the motion was-correctly overruled.
Filed Dec. 11, 1894.
Judgment affirmed.