TIPTON LIGHT, HEAT AND POWER COMPANY *v.* NEWCOMER.

[No. 18,863.   Filed Dec. 14, 1900.   Rehearing denied March 13, 1901.]

APPEAL AND ERROR.—*Assignment of Error.—Motion to Make Pleading More Specific.*—An assignment on appeal that "the court erred in overruling the appellant's motion to require the appellee to make her amended complaint more specific" is sufficient to bring before the court for review a motion separately and severally addressed to the first and second paragraphs of the complaint. *pp. 349-351.*

SAME.—*Motion to Make Complaint More Specific.*—Error may be predicated upon the action of the court in overruling a motion to make a complaint more specific. *p. 351.*

NEGLIGENCE.—*Complaint.—Motion to Make More Specific.*—In an action for damages for personal injuries caused by an explosion of natural gas by reason of the alleged negligence of defendant, the complaint charged that "defendant company had carelessly, negligently and knowingly suffered, permitted and allowed its said high pressure line * * * to become defective, insufficient, and out of repair so that natural gas flowing therein escaped." *Held*, that the action of the court in overruling a motion to require plaintiff to make the charge of negligence more specific was error for which a judgment in favor of plaintiff should be reversed. *pp. 351-353.*

APPEAL AND ERROR.—*Bill of Exceptions.—Exhibits.—Copy.*—Where a map introduced in evidence and referred to in the trial of a cause was lost, the trial court had the power to require a copy of such map to be made and have same inserted in the bill of exceptions. *pp. 353-355.*

From the Miami Circuit Court. *Reversed.*

*W. R. Oglebay* and *F. S. Oglebay,* for appellant.
*D. Waugh, J. P. Kemp* and *J. N. Waugh,* for appellee.

Hadley, J.—Appellee had a verdict and judgment upon a complaint charging appellant with negligence, whereby appellee was injured by an explosion of natural gas. The amended complaint is in three paragraphs. In the first paragraph the negligence is charged as follows: "Plaintiff avers that on said 1st day of June, 1896, and for many months prior thereto, the defendant company had carelessly, negligently, and knowingly suffered and permitted and allowed its said high pressure line in close proximity to said large tile drain in said alley, and about 150 feet north of said out lot number twenty-two, to become defective, insufficient, and out of repair, so that the natural gas flowing therein escaped and flowed therefrom into the large tile drain in said alley, and through said large tile drain into said small tile drain leading therefrom, and through said small tile drain up into said coal bin of said dwelling-house where it accumulated and escaped into the south room of said cellar, without any fault or negligence upon the part of the plaintiff"; and in the second paragraph as follows: "Plaintiff avers that on said 1st day of June, 1896, and for many months prior thereto, the defendant company had carelessly, negligently, and knowingly suffered, permitted, and allowed its said high pressure line in close proximity to said large tile drain in said alley, and at about 150 feet north of said out lot number twenty-two to become defective, insufficient, and out of repair, so that the natural gas flowing therein escaped and flowed therefrom into the said large tile drain", etc. It is subsequently charged in the second paragraph, and also charged in the third paragraph, that appellant's superintendent, while inspecting for escaping gas in appellee's cellar, "carelessly and negligently struck, or lighted, a match" which exploded the gas, whereby she

was injured. At the proper time appellant moved the court to require the appellee to make her amended complaint more specific, which motion, omitting caption, is in these words: "Comes now the defendant and moves the court as follows: That the plaintiff be required to make her amended complaint more specific, in this: (1) That the first paragraph of amended complaint set out and charge in what way and manner the high pressure line of the defendant was insufficient and how out of repair; (2) that the second paragraph of the amended complaint describe and set out specifically in what way and manner the said high pressure line was defective and insufficient, and how, where, and in what manner and way out of repair", which motion was overruled, and to which ruling appellant excepted, and has brought said motion and exception into the record by a proper bill of exceptions. The error first assigned is in the following words: "The Miami Circuit Court erred in overruling the appellant's motion to require the appellee to make her amended complaint more specific."

It is first affirmed by appellee that this assignment of error is insufficient to bring before the court for review the motion to make more specific, since the motion shows upon its face that it is separately and severally addressed to each the first and second paragraphs of the complaint, whereas the assignment of error is addressed to the complaint as an entirety and is therefore joint. It is well settled that in the assignment of error in this court the specification of error must be stated with such clearness and certainty as to leave no reasonable doubt of the question presented for review. But this does not mean that all challenged rulings of the trial court shall be separately assigned as error in this court. For example, in a motion for a new trial "all errors of law occurring at the trial and excepted to at the time" may not be separately specified in this court, but must be separately, specifically, and clearly embodied in the motion. Thus all the alleged errors in the trial are collectively

brought before the court for further consideration and such correction as may be required by the law, and, if the motion is overruled, the ruling upon the motion constitutes but a single judicial act, and an assignment of error upon the overruling of the motion brings before this court for decision all the questioned rulings separately and sufficiently stated in the motion. Elliott's App. Proc., §347; Ewbank's Manual, §129; *Grant* v. *Westfall,* 57 Ind. 121, 125; *Bolin* v. *Simmons,* 81 Ind. 92. Likewise motions addressed to the pleadings and the formation of issues and which can not be regarded as forming parts of the trial, such as motions to separate causes of action, to strike out parts of pleadings, to make more specific, and the like, and which as a single medium challenges separate parts of the same pleading, specially set forth, when such a motion is ruled upon as an entirety, and upon each specification in the same way, there can exist no reason why an assignment of error based upon the action of the court upon the motion as a whole, and as a single judicial act, is not sufficient to bring before this court all the questions clearly presented by the motion to the trial court. When such a motion specifies the grounds upon which it is founded "there is neither necessity nor propriety in repeating them on appeal." Elliott's App. Proc. §336. The averments in each the first and second paragraphs of the complaint, which appellant sought to have made more specific, were clearly stated in the motion, and the assignment of error is sufficient to call for a decision of both specifications of the motion.

It is a familiar rule of pleading that a plaintiff in stating his cause of action must set forth the facts upon which he asserts his claim with such particularity as will enable the defendant to prepare and present the defense. Under the general rule it has been uniformly held by this court that a general averment of negligence is sufficient to withstand a demurrer, unless such general averments are overcome by facts specifically pleaded. These cases seem to rest upon the

principle that if the defendant's harmful negligence exists as a fact, which is admitted by the demurrer, a general allegation thereof is sufficient to authorize the proof in cases where the defendant is content to abide the general averment, and proceeds to join issue without seeking by the proper remedy a disclosure by the plaintiff of the specific acts or facts relied upon for recovery. But as was said by this court in *Louisville, etc., R. Co. v. Bates,* 146 Ind. 564: "It is equally well settled that a defendant in an action for personal injuries is entitled to have the complaint state the specific acts or omissions of the defendant which constitute the negligence relied upon, as well as all the surroundings and existing conditions and what occurred at the time of the injury." See authorities cited in this case. Also, *Rodgers v. Baltimore, etc., R. Co.,* 150 Ind. 397; *Cleveland, etc., R. Co. v. Berry,* 152 Ind. 607; *Scheiber v. United Tel. Co.,* 153 Ind. 609. It then being the right of a defendant, under our form of procedure, to have the plaintiff state specifically the facts constituting alleged negligence, where it is not done, and no sufficient excuse is disclosed for such failure, and the defendant invokes the power of the court to have it done, the court may exercise no discretion. It is as much the judicial duty of the court to sustain a motion to make more specific, in a case where the motion is well founded, as it is to sustain a demurrer to an insufficient pleading, and the action of the trial court is reviewable in this court in the one case the same as in the other. The words employed are the same in each of the two paragraphs and are as follows: "Plaintiff avers that on the 1st day of June, 1896, and for many months prior thereto the defendant company had carelessly, negligently, and knowingly, suffered, permitted, and allowed its said high pressure line * * * to become defective, insufficient, and out of repair so that natural gas flowing therein escaped". It is difficult to conceive how these averments could be more general. "Defective, insufficient, and out of repair". How had the main become de-

fective? By reason of deterioration, exposure, casualty, or other cause. 'How insufficient? Is it in respect to size, construction or impairment? And how out of repair? The particular ground of complaint is wholly left to conjecture. The defendant should know before trial what particular condition or conditions will be asserted in support of the charge of negligence, or it may be ill prepared for its defense. The law seeks to treat litigants impartially and to avoid allowing one party an advantage over the other. It was manifestly the right of appellant to be better informed before trial of the points of attack, and the overruling of its motion leading to that end was error for which the judgment must be reversed.

Upon the trial appellee introduced in evidence a map of the premises involved, which was frequently alluded to and exhibited in the examination of witnesses, and which map, at the conclusion of the trial, was left in the possession of the court's official stenographer and bailiff. At the time its motion for a new trial was overruled appellant gave to the stenographer an order for a longhand transcript of the evidence for incorporation in a bill of exceptions. The map became lost and could not be found, and the parties failing to agree upon a substitution, the stenographer, July 30, 1898, certified a longhand report of the evidence to be a full, true, and complete report of all the evidence given in the cause "except the plat of the Newcomer residence, which was introduced in evidence by the plaintiff and marked 'exhibit 1' which is not in my possession, and which I have not been able to find, and the one which is made a part of this transcript is substituted by the defendant in this case." On the same day, and within the time allowed by the court for filing the same, appellant's bill of exceptions containing the evidence was presented to the judge, who wrote upon the face of the bill the following: "The defendant now here tenders this his bill of exceptions number

four, and asks that the same be signed, sealed, and made part of the record this the 30th day of July, 1898, and the same being so presented to me I now retain the same for further examination.    J. T. Cox, Judge M. C. C." The parties still failing to agree upon substitution, August 24, 1898, appellant filed in vacation for the September term of the court its application and motion for a correction of its said bill.   A trial was held by the court, evidence introduced by both parties, whereupon the court gave judgment that the said bill of exceptions be corrected as prayed, which judgment having been executed the judge thereafter approved said bill in the words following:  "And the court having had said bill of exceptions under examination, and having heard the evidence in relation thereto, does find that the original map introduced in evidence is lost or mislaid, and the court having on the 30th day of September, 1898, ordered the plaintiff to furnish the original map, or a copy thereof, within ten days, and on the 8th of October, 1898, the plaintiff having supplied the map so lost, and which supplied map is inserted herein between pages five and six of this bill, and the court, having examined this map and said bill, does now find the same a full, true, and complete copy of said map, and orders the same made a part of said bill, and the court, finding the said bill of exceptions true, full and correct, does now sign and seal the same, and orders the same made a part of the record in said cause this the 11th day of October, 1898.   J. T. Cox, Judge Miami Circuit Court."  Appellee reserved the proper exception to the correction of said bill of exceptions after the expiration of the time allowed for the filing of the same, and has brought the question before us by a cross-assignment of error.

It was the duty of the trial judge to settle and sign the bill of exceptions.   If it came to him in an imperfect form, it was his duty before signing to make it speak the truth; and in doing this he had the power to change, add to, or diminish, until he brought it to a condition that correctly ex-

pressed his own judgment and understanding of the evidence. If the lost map was introduced in evidence and the judge retained its substance in his mind, he no doubt had the power to make a copy himself, or require one to be made, and himself insert it in the bill of exceptions. It was wholly immaterial who should make the copy or who should insert it in the bill, since the essential thing—that which gave the bill validity as a part of the record—was the judicial determination of the judge that as amended the proposed bill was true and correct, and which decision was evidenced by his signing of the bill. §641 Burns 1894; Elliott's App. Proc. §798; *Cluck* v. *State,* 40 Ind. 263; *Beavers* v. *State,* 58 Ind. 530; *Stewart* v. *Rankin,* 39 Ind. 161, 164.

Judgment reversed, with instructions to sustain appellant's motion to make the amended complaint more specific and certain.