330    APPELLATE COURT OF INDIANA,

Indianapolis Coal Traction Co. *v.* Dalton—43 Ind. App. 330.

---

## INDIANAPOLIS COAL TRACTION COMPANY *v.* DALTON.

[No. 6,610.   Filed February 25, 1909.]

1. PLEADING.—*Complaint.—Contracts.—Express.—Special.*—A complaint alleging that plaintiff sold to defendant certain gravel, for which the defendant agreed to pay what it was reasonably worth, counts upon an express, but not a special contract.  p. 334.

2. CONTRACTS.—*Express.—Special.*—Express contracts may or may not be special; but special contracts are always express.  p. 334.

3. PLEADING. — *Complaint. — Contracts.— Express.— Special.— Recovery.*—Where a complaint alleges an express contract, a recovery may be had upon proof of an implied one; but where the complaint counts upon a special contract, a recovery cannot be sustained on proof of an implied one.  p. 334.

4. TRIAL.—*Interrogatories to Jury.—Double.—Waiver.*—Where defendant requests the submission of a double interrogatory to the jury, no advantage can be taken thereof by such defendant.  p. 335.

5. TRIAL. — *Verdict. — General.—Interrogatories.— Conflict.*— Answers to interrogatories to the jury control the general verdict only when they are in irreconcilable conflict therewith.  p. 335.

6. PLEADING.— *Complaint.— Contracts.— Express.— Implied.—Variance.*—Where a complaint alleges that defendant agreed to pay

to plaintiff the reasonable value of gravel taken, and the evidence failed to show such agreement, a recovery is proper under an implied contract. p. 335.

7. TRIAL.—*Interrogatories to Jury.—Conflict.*—Conflicting answers to the interrogatories to the jury nullify one another. p. 335.

8. REAL PROPERTY.—*Defective Deeds.—Adverse Possession.—Boundaries.*—Where plaintiff sued defendant for gravel removed from a creek, the plaintiff's deed, made in 1874, and describing his land as lying on the west side of such creek and bounded by the west bank thereof, ·the presumption is, on a verdict for plaintiff, that the deed was defective, that the middle of the stream was the true line, and that plaintiff had title to such portion by adverse possession. p. 335.

From Marion Circuit Court (14,028) ; *Henry Clay Allen,* Judge.

Action by Caleb Dalton against the Indianapolis Coal Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

W. H. Latta and L. H. Oberreich, for appellant.

C. J. Orbison and W. S. Doan, for appellee.

COMSTOCK, P. J.—Appellee sued upon an alleged agreement for the reasonable value of gravel located upon his land, which he claims appellant took therefrom, and used in the construction of its roadbed, under said agreement.

The complaint is in one paragraph, and alleges that defendant is, and was in the years 1902 and 1903, a corporation duly organized, and that during said years plaintiff sold to it 7,000 yards of gravel, which was located on his land in Hendricks county, Indiana; that defendant agreed to pay him the reasonable value of said gravel as so located; that said defendant took said gravel in pursuance of said contract and used the same in the construction of its roadbed (a bill of particulars of which is filed with the complaint and made a part thereof) ; that said defendant has paid no part of the cost price of said 7,000 yards of gravel; and that the customary price of the kind of gravel furnished this defendant is ten cents per cubic yard as the same lies upon the ground of this plaintiff.

The defendant answered in three paragraphs: (1) General denial; (2) payment; (3) that it received from the State of Indiana permission to enter upon the lands upon which said gravel was located and to remove said gravel therefrom; that the land upon which said gravel was located, at the time the same was removed therefrom, was bounded on the east by the west bank of Big White Lick creek, and that if plaintiff at said time, or during the time said gravel was being removed, owned any land at all in the vicinity of said Big White Lick creek, said land did not extend beyond the west bank of said Big White Lick creek, and was not the land from which said gravel was removed by the defendant; that said land from which said gravel was removed belonged at that time to the State of Indiana, and was part of The Indiana Boys' School property, and did not belong to the plaintiff; that no agreement was ever entered into between plaintiff and defendant at any time to take or pay for any gravel belonging to the plaintiff, but that all the gravel so taken was by the permission and authority of the officers in charge of The Indiana Boys' School, and was taken without any agreement whatever as to payment therefor; that if said defendant is indebted to any party for said gravel it is indebted to the State of Indiana, and to no other party. To the second and third paragraphs of answer plaintiff filed a general denial.

The cause was tried by a jury, and a verdict was returned in favor of plaintiff for $700. Interrogatories were returned with the general verdict. Defendant's motion for judgment in its favor on the answers returned by the jury to interrogatories was overruled, and judgment entered against defendant on the general verdict.

The only error assigned was the refusal of the court to render judgment in favor of defendant on the answers to interrogatories, notwithstanding the general verdict.

The jury found specially that defendant during the years 1902 and 1903 removed 7,000 cubic yards of gravel from

the bed alleged to belong to plaintiff, of the value, as it lay in said bed at the time defendant commenced removing it, of ten cents per cubic yard; that said defendant did not, by its proper officer or officers, before entering said gravel-bed or at any time thereafter, enter into any express agreement with plaintiff as to taking said gravel. The jury further found that said defendant did enter said gravel-bed and take gravel therefrom under an express agreement with plaintiff; that, before removing said gravel, Superintendent York of The Indiana Boys' School gave to defendant his permission, so far as he was personally concerned, and, pursuant to said seeming permission, said defendant removed said gravel. If the plaintiff ever had the right to the ownership of gravel, or any right to receive pay for the same, said right was solely because of the ownership of said real estate purported to be conveyed to him by a deed in which the land is described as follows: "A part of the northeast quarter of section thirty-four, in township fifteen north, of range one east, commencing fifty-two feet south of the northwest corner of a lot or parcel of land sold to Joseph Worth by David Carter, thence running south on the west line thereof to the west bank of Big White Lick creek, thence west and north on said west bank, with the meanderings of the same, to a point where the same intersects with the south line of a parcel of land now or heretofore owned by Carey Reagan in said quarter section, thence east with said line to the place of beginning, the same being the land conveyed by Samuel Carter to Samuel Gossett on May 18, 1874, from whom it descended to the grantor." Here follows a finding as to the topography of the ground on the west side of said creek, how the stage of the water affected the general bed at high- and low-water mark, respectively, and the course of the stream with reference to said bed. For reasons which hereafter appear, we do not particularly set out these findings.

As to the first point made by appellant, we quote the

following from the brief: "The theory of the complaint is that plaintiff sold to defendant certain gravel; that 'defendant agreed with this plaintiff to pay for said gravel;' that 'defendant took said gravel in pursuance of said contract and agreement,' and charges an express and special agreement. The interrogatories expressly negative said allegations, four of the answers expressly finding that there was no agreement. Interrogatory seven includes two questions, and the jury answered 'Yes' to the question whether defendant entered said gravel-bed and took gravel therefrom. Interrogatories eleven and twelve show that defendant entered upon said land, and removed said gravel by permission obtained from sources entirely separate from plaintiff. Plaintiff must recover, if at all, upon the theory of his complaint."

We cannot admit that the complaint charges a special contract. In *Forester* v. *Forester* (1894), 10 Ind. App. 680, it is said: "An express contract is one whose terms are uttered or stated in words or writing. An implied contract is a matter of inference or deduction. * * * A special contract is one with peculiar provisions or stipulations not found in the ordinary contract relating to the same subject-matter. These provisions are such which, if omitted from the ordinary contract, the law will never supply. An express contract may or may not be special. But a special contract is always express."

A complaint may declare upon an express contract and a recovery be had on an implied promise, but it cannot declare upon a special contract and recover upon proof of an implied promise. *Forester* v. *Forester, supra; Palmer* v. *Miller* (1898), 19 Ind. App. 624; *Pense* v. *Beckman* (1894), 11 Ind. App. 263, 54 Am. St. 505; *Cox* v. *Peltier* (1902), 159 Ind. 355; *Davis* v. *Chase* (1902), 159 Ind. 242, 95 Am. St. 294; *Board, etc.,* v. *Gibson* (1902), 158 Ind. 471; *Smith* v. *Lippincott* (1867), 49 Barb. (N.

Y.) 398; *Thompson* v. *Reno Sav. Bank* (1885), 19 Nev. 242, 9 Pac. 121, 3 Am. St. 883; *Burton* v. *Rosemary Mfg. Co.* (1903), 132 N. C. 17, 43 S. E. 480; *Fells* v. *Vestvali* (1865), 2 Keyes (N. Y.) 152; *C. B. Keogh Mfg. Co.* v. *Eisenberg* (1894), 27 N. Y. Supp. 356, 7 Misc. (N. Y.) 79.

We cannot admit that the seventh interrogatory is double. It appears, however, from the record that it was submitted at the request of appellant, and it cannot be heard to object to its form.

We need only refer to the accepted rule, that a general verdict is a finding in favor of the prevailing party of all facts necessary to sustain the verdict, and that the answers to the interrogatories to the jury overthrow the general verdict only when there is an irreconcilable conflict between them. Such is not the case at bar. The record shows, considering the complaint and facts specially found, that the plaintiff was the owner of the gravel, and that the defendant took the gravel with plaintiff's knowledge and consent.

The complaint alleges that plaintiff sold the gravel taken by the defendant, and that the defendant agreed to pay said plaintiff what the same was reasonably worth. So that the findings warranted a recovery upon an implied contract, although the complaint set out an express contract.

The answer to the sixth interrogatory, finding that there was no contract between the parties, and that of the seventh, that there was a contract, nullify each other, and the general verdict, finding, as alleged in the complaint, that there was an express contract, is left unimpeached.

It is further insisted on behalf of appellant that, if appellee ever had the right to the ownership of the gravel, or any right to receive pay therefor, said right was solely because of the ownership of real estate purported to be conveyed to him by a deed, in which the

land is described only as heretofore set out in the special findings; and that said description is too uncertain upon which to base title to real estate. This proposition is ably argued, and numerous authorities are cited. We do not deem it necessary to pass upon the alleged defect in the description; for, if the deed was defective in form, it will be presumed that the jury found that appellee and his grantor for more than twenty years from May 18, 1874, had been in possession under color of title of the land from which the gravel was taken, and appellee's possession by virtue of such deed was adverse so as to give him title. *Law* v. *Smith* (1853), 4 Ind. 56; *Hearick* v. *Doe* (1853), 4 Ind. 164; *Belle* v. *Longworth* (1855), 6 Ind. 273; *Wiggins* v. *Holley* (1858), 11 Ind. 2; *Doe* v. *Hearick* (1860), 14 Ind. 242; *Collett* v. *Board, etc.* (1889), 119 Ind. 27, 4 L. R. A. 321; *Webb* v. *Rhodes* (1902), 28 Ind. App. 393; *Irey* v. *Mater* (1893), 134 Ind. 238; *Sedwick* v. *Ritter* (1891), 128 Ind. 209; *Goodell* v. *Starr* (1891), 127 Ind. 198; *Paxton* v. *Sterne* (1891), 127 Ind. 289; *English* v. *Powell* (1889), 119 Ind. 93; *Sims* v. *Gay* (1887), 109 Ind. 501; *Watkins* v. *Winings* (1885), 102 Ind. 330; *Buckley* v. *Taggart* (1878), 62 Ind. 236.

Judgment affirmed.