A. J. YAWGER & COMPANY ET AL. *v.* JOSEPH ET AL.

[No. 22,587. Filed May 4, 1915. Rehearing denied January 7, 1916.]

1. CONTRACTS.—*Complaint.*—*Motion to Make Specific.*—Defendant is not entitled to have a complaint made more specific by stating whether an alleged contract was oral or in writing, since in the absence of any allegation to the contrary it will be presumed to have been oral. p. 231.

2. PLEADING.—*Motion to Make Specific.*—The motion to make a pleading more specific, provided for by the civil code, takes the place of the common law special demurrer. p. 231.

3. APPEAL.—*Review.*—*Complaint.*—*Overruling Motion to Make Specific.*—In an action against various defendants for a personal judg-

A. J. Yawger & Co. *v.* Joseph—184 Ind. 228.

ment for labor performed and material furnished in the construction of a railroad, and to foreclose a mechanic's lien, where the complaint alleged by way of recital that the work was done at request of defendants, while the written notice of lien made a part of the complaint recited that the labor was performed and material furnished pursuant to a contract between plaintiffs "and other subcontractors and contracts with the said owner of the right of way," the court erred in overruling a motion to require plaintiffs to make the complaint more specific by setting out the substance of the contract and stating at whose particular instance and request plaintiffs performed the work and labor. pp. 231, 232.

4. MECHANICS' LIENS.—*Nature.—Waiver of Lien.*—Mechanics' liens rest on contract, express or implied, and though the right to enforce such liens may be waived, the waiver must be by express contract. p. 232.

5. CONTRACTS.—*Intention of Parties.—Express and Implied Contracts.*—In express oral contracts the intention of the parties is evidenced by words, while in implied contracts the intention is inferred from the acts of the parties. p. 232.

6. APPEAL.—*Questions Presented.—Complaint.—Motion to Make Specific.—Demurrer.—Scope of Review.*—Where the complaint was so indefinite that the overruling of a motion to make the same more specific constituted error, the court on appeal will not determine the sufficiency of the same to withstand a demurrer. p. 232.

7. CONTRACTS.—*Action.—Cross-Complaint—Repudiation of Contract.—Performance by Cross-Complainant.*—A cross-complaint seeking judgment against plaintiff for damages for failure to perform the obligations of a certain contract, alleging that plaintiff without cause abandoned the contract before completing the work, was not insufficient for failure to allege performance by cross-complainant of the stipulations required to be done on its part. p. 233.

8. CONTRACTS. — *Action. — Supplemental Agreement. — Pleading.—Sufficiency.*—An answer to a cross-complaint for breach of a certain contract, alleging that while time was of the essence of the contract the contractor was delayed by unusual rains and hindered by cross-complainant's failure to procure necessary right of way, that because of such conditions contractor and cross-complainant entered into a supplemental oral agreement abrogating the provision making time of completion of the work of the essence of the contract; and that cross-complainant failed to perform in certain respects, solely by reason of which contractor rescinded, etc., was not insufficient on the ground that rainy weather was a contingency not provided for in the contract and that the contract provided for extension of time for completion in case of delay in procuring right of way. p. 234.

From Howard Circuit Court; *William C. Purdum,* Judge.

Action by L. S. Joseph and another against A. J. Yawger & Company and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*Bell, Kirkpatrick & Voorhis, Elam, Fesler & Elam, Lloyd McClure* and *Walker & Hollett,* for appellants.
*Blacklidge, Wolf & Barnes,* for appellees.

Morris, J.—Suit by appellees, partners, against appellants, for personal judgment, for labor performed and material furnished in the construction of a railroad, and to foreclose a mechanic's lien. The complaint alleges that appellant, Kokomo, Frankfort and Western Traction Company, owns an electric railroad located on a described route, and that the appellants are corporations, and claim an interest in the railroad property and claim to hold liens thereon; that appellees, at the special instance and request of appellants, performed labor and furnished materials, in the construction of grades, embankments, bridges, etc., for the railroad in Clinton and Howard counties, of the value of $30,000, a bill of particulars of which is set out; that within sixty days after the completion of the work appellees filed in the recorder's office of each county a written notice of their intention to hold a lien on the line of railroad and franchises of the traction company. A copy of each notice is filed as an exhibit, which recites that the labor was performed and material furnished pursuant to a contract between plaintiffs and the traction company and contracts with other subcontractors. It is further alleged that appellees were compelled to employ attorneys to bring this suit and that a reasonable fee for their services is $5,000.

Each of the appellants filed an unverified separate motion to make the complaint more definite and certain in the following, among other, particulars,

viz., to require its amendment so as to show (1) whether the contract was written or oral, and (2) if oral, to require the substance thereof to be set out, and (3) to state at whose particular instance and request the plaintiffs performed the work and labor. §385 Burns 1914, §376 R. S. 1881. The motion was overruled and it is contended by appellants that this ruling constituted reversible error.

We are of the opinion that appellants could not require the complaint to show whether the contract was written or oral, since it will be presumed to have been oral in the absence of allegation to the contrary. *Walker* v. *Larkin* (1890), 127 Ind. 100, 26 N. E. 684. As to the second and third specifications, the trial court erred. The motion to make a pleading more specific, provided for by our civil code, takes the place of the common-law special demurrer. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 615, 100 N. E. 675, 102 N. E. 99. Appellants, by making timely motion therefor, were entitled to know the precise nature of the charge they were required to meet. The complaint is so indefinite and uncertain that it can not be determined therefrom whether the plaintiff relied on an implied or express contract. In the clause alleging performance of the work, etc., it appears by recital that the work was done at the request of defendants, while in the written notice of lien, made a part of the complaint, it is recited that the labor was performed and material furnished pursuant to a contract between plaintiffs "and other subcontractors, and contracts with the said owner of the right of way". It will be noted that the complaint seeks a personal judgment against all appellants and a foreclosure of its alleged lien, and an allowance for fees for plaintiffs' attorneys. Mechanics' liens rest on

contract, express or implied. *Littler* v. *Friend* (1906), 167 Ind. 36, 78 N. E. 238. The right to enforce such liens may be waived, but the waiver must be by express contract. *Carson, etc., Co.* v. *Cleveland, etc., R. Co.* (1914), 57 Ind. App. 357, 105 N. E. 503. In *Tipton Light, etc., Co.* v. *Newcomer* (1901), 156 Ind. 348, 352, 58 N. E. 842, it was said: "It is as much the judicial duty of the court to sustain a motion to make more specific * * * where * * * well founded, as it is to sustain a demurrer to an insufficient pleading * * * . The defendant should know before trial what particular condition or conditions will be asserted in support of the charge * * * , or it may. be ill prepared for its defense." In express oral contracts the intention of the parties. is evidenced by words. *Forester* v. *Forester* (1894), 10 Ind. App. 680, 38 N. E. 426. In implied ones the intention is not evidenced by words, but the agreement is inferred from the acts of the parties. 9 Cyc 242; *Indianapolis Coal Traction Co.* v. *Dalton* (1909), 43 Ind. App. 330, 87 N. E. 552. Each appellant was entitled to make a separate defense and was justified in demanding a charge sufficiently definite that it might know the substance of the agreement, express or implied, on which the plaintiffs sought a recovery, and to know in advance whether it was necessary for it separately to meet the charge that it requested the performance of the alleged work. *Scudder* v. *Crussan* (1873), 43 Ind. 343; *Volger* v. *Sidener* (1882), 86 Ind. 545.

Appellants' demurrer to the complaint was overruled and the propriety of this action is assailed. It is unnecessary to consider the ruling, since an amended pleading supersedes the original and the court here erred in refusing to re-

quire this complaint to be amended in the particulars we have noted.

Appellant, A. J. Yawger & Company, filed a cross-complaint in which it is alleged that it entered into a written contract with appellant W. H. Schott Company, contractor, for certain construction work on the railroad, a copy of which contract is filed with the complaint; that cross-complainant, by written contract, a copy of which is exhibited, sublet portions of said work to appellees. It is alleged that appellees failed to perform certain of their obligations as set forth in the contract, by reason of which cross-complainant was damaged in the sum of $30,000, for which judgment is demanded. It is further averred that the traction company and the W. H. Schott Company each holds funds due from them to cross-complainant growing out of the subcontract of appellees, and they are made defendants to answer as to any funds due from them to appellees so that the same may be held for the benefit of the cross-complainant. To this cross-complaint appellees demurred for insufficient facts. One of the grounds of demurrer, as set out in the memorandum, is the failure to allege that cross-complainant performed all the conditions of the contract by it to be performed. The demurrer was overruled and appellee has assigned cross-errors, eighteen in number, of which the eighth assails such ruling. Appellants have filed a motion to strike out this assignment. The motion is overruled. The contract between appellees and the cross-complainant required the performance by it of certain stipulations, and the cross-complaint fails to allege performance thereof but does aver that, without cause, appellees abandoned the contract before completing the work. Where a defendant has repudiated a contract, an allegation of performance

by plaintiff is unnecessary. Abandonment of contract, without cause, is the equivalent of repudiation. *Parker Land, etc., Co.* v. *Ayres* (1909), 43 Ind. App. 513, 87 N. E. 1062; *Jennings* v. *Shertz* (1910), 45 Ind. App. 120, 88 N. E. 729. There was no error in overruling the demurrer.

Appellees answered the cross-complaint in two paragraphs, the first of which was a general denial. The second avers that, while time was of the essence of the contract, and while it provided for the commencement of the work on August 10, 1911, and its completion on November 15, 1911, that appellees were delayed by unusual rains and hindered by the failure of cross-complainant to procure necessary right of way; that because of said conditions, on October 2, 1911, appellees and cross-complainant entered into a supplemental oral agreement in certain alleged particulars, and abrogated the provision thereof making the time of completion of the work of the essence of the contract; that cross-complainant failed and refused to pay for the work done as it progressed, according to the provisions of the contract, and solely because of such breach, appellees did, on November 10, 1911, rescind the contract and notify cross-complainant thereof. Appellant A. J. Yawger & Company's demurrer to this paragraph of answer was overruled and this action is assigned as error, because, as contended, rainy weather was a contingency not provided for in the contract, and because the contract provided for extension of time for completion in case of delay in procuring right of way. The pleading was sufficient as against the objections urged. It is manifest that appellees, in the pleading, did not rely on the weather, or failure to procure right of way promptly, as a defense, but averred the same by way of inducement to show the circumstances under

which the supplemental oral agreement of October 2, 1911, was made.

Issues were formed on the complaint and cross-complaint, and a trial had with special findings of fact and conclusions of law stated. Judgment was rendered for appellees against A. J. Yawger and Company, in the sum of $6,137.40, and the railroad property was ordered sold to satisfy the judgment. Appellants and appellees excepted to certain conclusions of law, and present questions arising thereon by their respective assignments and cross-assignments of error. The record of the special findings of fact covers sixty printed pages and contains much redundant matter and some contradictions. By reason of the conclusion reached in relation to the complaint, it is unnecessary to consider either the questions on the court's conclusions of law or the many others that are presented. Judgment reversed with instructions to sustain so much of appellants' motion to make the complaint more specific as seeks the setting forth of the substance of the contract sued on, and at whose particular instance and request the work was performed and materials furnished.

NOTE.—Reported in 108 N. E. 774. As to mechanics' liens and the enforcement of them, see 116 Am. St. 756. See, also, under (1) 31 Cyc 646; (2) 31 Cyc 644; (3) 31 Cyc 649, 650; (4) 27 Cyc 50, 263; (5) 9 Cyc 242; (6) 3 Cyc 223; (7) 9 Cyc 719; (8) 9 Cyc 732.