KECK *v.* POZORSKI.

[No. 19,632. Filed June 25, 1963. Rehearing denied July 25, 1963. Transfer denied October 9, 1963.]

*Kizer & Neu* and *Marshall F. Kizer,* of Plymouth, for appellant.

*Thomas L. Murray, Oare, Thornburg, McGill & Deahl,* of counsel, both of South Bend, *Jesse A. Brown* and *Brown & Brown,* of counsel, of Rochester, for appellee.

MOTE, C. J.—This is an action for damages as compensation for personal injuries sustained by appellant, Dollie Keck, in an automobile accident on September 18, 1952. The accident occurred at an intersection of two Marshall County highways, neither of which had stop signs or traffic control signals of any sort. Appel-

lant was riding in the front seat of an automobile which was being driven by her husband, Everett Keck. The Keck vehicle was travelling north and collided in the intersection with an eastbound automobile operated by Ambrose Pozorski. The Pozorski vehicle entered the intersection from appellant's left.

Appellant instituted this action by filing a complaint on September 16, 1954. The complaint alleged negligence on the part of appellee in that: (1) he failed to keep a proper lookout for motor vehicles in the intersection; (2) he failed to have his motor vehicle under control in that he failed to stop, slow down, swerve or otherwise avoid striking the vehicle in which appellant was riding; (3) he failed to yield the right of way to appellant; and (4) he drove and operated his motor vehicle at a rate of speed in excess of forty-five (45) miles per hour when his vision was obscured to traffic at the intersection.

Appellee answered in three paragraphs. The first paragraph was a general denial. The second and third are as follows:

## II.

Comes now the defendant and for a second and additional paragraph of answer to plaintiff's complaint herein alleges and says:

1.  At the time and place of the collision described in plaintiff's complaint the plaintiff was riding in an automobile owned by her and being operated by her husband Everett L Keck.

2.  At said time and place Everett L. Keck was operating the plaintiff's automobile at the request and invitation of the plaintiff for the purpose of driving the plaintiff and her said husband to their mutual place of employment, the Kingsbury Ordnance Plant; and said Everett L. Keck was at said time and

place operating said automobile as the agent of the plaintiff.

■ The collision described in plaintiff's complaint was proximately caused or contributed to by the negligence or carelessness of said Everett L. Keck in one or more of the following particulars:

(a) Failing to yield the right of way to the automobile being operated by the defendant.

(b) Failing to maintain a proper lookout for other vehicles using the public highway at said time and place, particularly including the vehicle of the defendant.

(c) Failing to have the automobile of the plaintiff under proper operating control in order to avoid a collision with defendant's motor vehicle.

(d) Operating the plaintiff's motor vehicle at a speed that was greater than reasonable and prudent in view of the existing circumstances, to-wit: thirty (30) miles per hour.

(e) Filing to decrease the speed of the plaintiff's motor vehicle or to stop the same prior to entering and attempting to traverse the intersection described in plaintiff's complaint.

WHEREFORE the defendant demands judgment against the plaintiff for costs of this action and all other proper relief.

"                    III.

Comes now the defendant and for a third and additional paragraph of answer to plaintiff's complaint herein alleges and says:

1. That the collision described in plaintiff's complaint and the injuries and damages, if any, sustained by the plaintiff as a result thereof were proximately caused or contributed to by the negligence of the plaintiff.

WHEREFORE the defendant demands judgment against the plaintiff for costs of this action and all other proper relief."

The appellant's reply denied the answer.

The issues thus formed were tried by jury and resulted in a verdict and judgment for appellee.

The appellant, on November 22, 1960, filed a motion for new trial which was overruled by the trial court on January 11, 1961. The sole error assigned by appellant is the trial court's ruling on the motion.

Appellant contends, in support of her motion for new trial, that the verdict is contrary to law in that the undisputed evidence shows that either the appellant's car arrived at the intersection first or both vehicles arrived at the same time and in either event, appellee had the duty to yield the right of way to appellant.

Indiana provides by statute:

"Approaching or entering intersection. — (a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

    (b) When two [2] vehicles enter an intersection from different highways at the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

. . . " (§47-2026 Burns' 1952 Repl.) [Acts 1939, ch. 48, §77, p. 289]

Appellant then concludes that since the appellee had the duty to yield the right of way the jury, by its adverse verdict, must have found that both appellee and appellant's husband were guilty of negligence and erroneously imputed the negligence of appellant's husband to her.

We cannot agree with appellant's contention.

An examination of the record shows that the evidence as to the arrival of the cars at the intersection was not undisputed, but, on the contrary, was in conflict.

The jury, in answer to an interrogatory, found that appellee's vehicle entered the intersection first:

"3. Which automobile got into the intersection first?
Answer: Pozorski car."

If there is evidence or proper inference to be drawn therefrom, from which the jury could properly find that appellee's automobile entered the intersection first, this court will not disturb such finding.

A lengthy recital of the evidence will not be attempted in this opinion; however, some pertinent portions are as follows:

The record discloses testimony and photographs which tend to show that the entire front of the Keck car struck the right side of appellee's vehicle.

The appellee testified: "As I got out into the intersection, this other car came from the south and hit me . . ."

The following question was propounded to appellee: "Now, can you tell the jury, Mr. Pozorski, which car, that is, yours or Mr. Keck's, was into the intersection first?" Appellee then answered, "I would say my car was."

In addition, there was other evidence from which the jury could have inferred that the appellee's car entered the intersection first. The jury, therefore, could and evidently did, conclude that appellee, not appellant, had the right of way.

This, of course, does not establish an absolute right of way. The fact that a statute or ordinance gives a motorist certain rights with reference to a highway intersection does not relieve him of the legal duty to exercise reasonable care for the

safety of others. *Allen* v. *Grabert* (1953), 123 Ind. App. 649, 111 N. E. 2d 477. However, the evidence pertaining to the events which resulted in the accident was conflicting, therefore, whether or not appellee discharged this duty was a question for the jury.

In view of the evidence we feel the jury properly could have found that appellee had the right of way and was not negligent. Therefore, the evidence does not conclusively indicate that appellant is entitled to the relief which she sought. The decision, therefore, is not contrary to law. *Heeter* v. *Fleming et al.* (1946), 116 Ind. App. 644, 67 N. E. 2d 317.

Appellant also contends that the court erred in giving instructions to the jury on the question of joint enterprise.

To establish a joint enterprise, an essential element is the existence of joint control over the management and operation of the vehicle and over the course and conduct of the trip. There must be a community of interest in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto. As between the parties, there must be a contract either express or implied, to that effect. *Oppenheimer, Oppenheimer Bros., Inc.* v. *Craft* (1961), 132 Ind. App. 452, 175 N. E. 2d 715; *Spencer* v. *Pettibone et al.* (1947), 117 Ind. App. 426, 70 N. E. 2d 439.

The husband-wife relationship, alone, is not sufficient to establish a joint venture through which negligence can be imputed. *New York, Chicago & St. Louis Railroad Company* v. *Robbins, Administrator* (1906), 38 Ind. App. 172, 76 N. E. 804. However, the existence of a marital relationship will not preclude negligence of one spouse from being im-

puted to the other. The court, in *New York, Chicago & St. Louis Railroad Company* v. *Robbins, Administrator, supra,* said, "It is true the husband and wife may sustain such relations to each other that the negligence of one will be imputed to the other . . ."

In view of the evidence in the case at bar, we think the instructions on joint venture were proper. The jury could have found that the appellant and her husband had community of interest and purpose in the trip, in that both were riding to work to enhance the family finances; both had equal right of control, in that the appellant owned the car and her husband had the right to drive it whenever he wished. It should be pointed out that it is sufficient if the right to control is present, however, that right need not be exercised. *Louisville & Nashville Railroad Company* v. *Revlett* (1946), 224 Ind. 313, 65 N. E. 2d 731.

An agreement to that effect could be implied from the acts of the parties, since such an implied contract is a matter of inference and deduction. *Indianapolis Coal Traction Company* v. *Dalton* (1909), 43 Ind. App. 330, 87 N. E. 552; *A. J. Yawger & Company et al.* v. *Joseph et al.* (1915), 184 Ind. 228, 108 N. E. 774.

Appellant further asserts error in that the trial court instructed the jury on the issue of agency. An examination of the record, however, shows that appellant tendered instructions on agency, therefore, she cannot now complain of instructions on that issue. *Coca Cola Bottling Works of Evansville, Inc.* v. *Williams* (1942), 111 Ind. App. 502, 37 N. E. 2d 702.

Furthermore, we think the instructions on the question of agency were proper in view of the evidence.

In the case of *Gary Railways Company* v. *Michael* (1941), 109 Ind. App. 672, 34 N. E. 2d 159, an automobile was registered in the wife's name. The wife testified that the husband was driving the car for her and himself when they were involved in a collision with another car. In a suit by the wife against the third party, the court said: "The question of agency was a proper and material issue in this case. If, as a matter of fact, appellee's husband was acting as her agent in driving the car, then his negligence, if such negligence proximately contributed to appellee's injury, would as a matter of law, be imputed to her and she could not recover . . . "

Appellant also asserts that the trial court erred in giving an instruction concerning the burden of proof of contributory negligence. Appellee points out, in his brief, that appellant has failed to set forth in her brief, preliminary instructions on this specific issue which were given by the court. Supreme Court Rule 2-17(d) provides:

> ". . . When error is predicated on the giving or refusal of instructions, the statement of the record must contain . . . all the instructions given or tendered which have a bearing upon the questions raised. . . ."

Since appellant failed to comply with Supreme Court Rule 2-17(d), the allegation of error is waived. When the appellant's brief does not set out all the pertinent instructions given by the trial court, error is waived, since an instruction, not being mandatory, must be read in connection with all of the other instructions given to the jury. *The Chesapeake and Ohio Railway Company* v. *Pace* (1961), 132 Ind. App. 321, 175 N. E. 2d 895, transfer denied, 177 N. E. 2d 381. This principle also includes preliminary in-

structions. See, *Oppenheimer, Oppenheimer Bros., Inc.* v. *Craft, supra.* Appellant's cause number 23, in support of motion for new trial, alleges error in refusing to give an instruction on burden of proof of contributory negligence and is waived for the same reason.

Appellant contends that the trial court erred in refusing to give her instruction number 11 which reads:

> "I instruct you that if you find from the evidence that the defendant was guilty of at least one of the charges of negligence alleged in plaintiff's complaint which proximately contributed to plaintiff's injuries, then I instruct you that the defendant cannot successfully interpose as a defense the fact that the negligence of another contributed to the injury, and so in this case, if you find from the evidence that the Defendant and Everett Keck, driver of the car in which the plaintiff was riding, were guilty of concurring acts of negligence that proximately contributed to the collision and resulting injuries to the plaintiff, then I instruct you that the plaintiff is entitled to recover and your verdict should be for the plaintiff and against the defendant, provided, that the plaintiff is free from contributory negligence."

It was not error to refuse this instruction since the instruction could require a verdict for plaintiff below, regardless of imputed negligence, which was an issue in the case as above suggested. By the same reasoning, it was not error to refuse appellant's instruction number 18.

Appellant also contends that defendant's instruction number 25 was erroneously given, in that it was a misstatement of the law involving concurrent acts of proximate cause. The instruction reads:

> "If after considering all of the evidence in this case you are unable to determine whose fault or omission occasioned the collision of the automobile of the plaintiff and the automobile of the de-

fendant, then your verdict should be for the defendant, Ambrose Pozorski:"

We think this instruction is not erroneous. If the jury is unable in the first instance to determine whether or not the alleged negligence of the defendant occasioned the accident, they cannot find for the plaintiff, who is appellant herein. This is, then, a "mere accident" instruction. A similar instruction was approved in *Bain, Administratrix* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712; and in *Shane, Administratrix* v. *Fields* (1963), 1 Ind. Dec. 379, 135 Ind. App. 353, 190 N. E. 2d 195. Appellant has failed to cite and apply authorities to sustain her contention.

Appellant's point number six in her brief is waived, as she fails to cite any authorities in support of her contentions therein, and this court will not consider the argument. See Supreme Court Rule 2-17.

Appellant also objects to an instruction given by the trial court which defined an intersection. Appellant contends that in lieu of said instruction, the trial court should have given her tendered instruction number six. An examination of the statement of the record in appellant's brief shows that appellant did not object to the given instruction in the court below. Therefore, she cannot raise the objection in this court. *Sims Motor Transport Lines, Inc.* v. *Davis, Administratrix of Davis, Deceased* (1956), 126 Ind. App. 344, 130 N. E. 2d 82; Supreme Court Rule 1-7. Since the trial court gave one instruction defining an intersection, it was not error to refuse appellant's instruction, which did the same thing.

Appellant contends that error was committed when, after informing the jury that there are no degrees of

negligence in Indiana, the trial court gave defendant-appellee instruction No. 13, which appellant claims, recognizes degrees of negligence. The instruction reads:

"Contributory negligence, which is an element of defense, is any negligence on the part of the plaintiff, proximately contributing to the damages that may be complained of. So, in this case, if you should find from all of the evidence that Dollie Keck was negligent in any manner, however slight, or that her husband was negligent in any manner, however slight, and that his negligence is chargeable to her, which contributed to her injuries or damages, then she cannot recover against the Defendant, Ambrose Pozorski, even though you may find the Defendant, Ambrose Pozorski, himself was also guilty of negligence which proximately contributed to the Plaintiff's injuries."

Appellant relies, in support of her contention, on a recent Supreme Court decision, *Huey* v. *Milligan* (1961), 242 Ind. 93, 175 N. E. 2d 698. That decision disapproved of an instruction which stated, " . . . if . . . such negligence proximately contributed in the slightest . . . ." The court, in the *Huey* case, distinguished the case of *Bain, Administratrix* v. *Mattmiller, supra,* which had upheld an instruction very similar to the one challenged in the instant case. The Supreme Court, in the *Huey* decision said:

"There are no degrees of negligence in Indiana, and if the plaintiff in the present case was guilty of any negligence, however slight, and such negligence proximately contributed to her injury, she cannot recover.

"We do not construe Instruction No. 3 herein as being similar to the instruction containing the words 'guilty of any negligence, no matter how slight,' involved in *Bain, Admx.* v. *Mattmiller, supra.*

"After setting out the negligent act, the instruction in the present case states, 'if . . . such negli-

gence . . . proximately contributed *in the slightest . . .*' (Our italics.)

" 'In the slightest' here modifies 'contributed' and refers to the causal relation between the plaintiff-appellant's negligence and the injury— and does not refer to or indicate a degree of negligence. There is only one degree of causal relation in Indiana, and that is proximate, direct or material."

The instruction in the instant case is also distinguishable from the instruction disapproved in *Huey* v. *Milligan, supra,* since the word "slight" does not modify "proximately contributed," therefore, it does not recognize degrees of negligence and it was not error to give it.

Judgment affirmed.

Hunter, Kelley and Pfaff, J.J., concur.

NOTE.—Reported in 191 N. E. 2d 325.