*C. Denby*, for appellees.

---

## LITTLE v. TINGLE.

ASSAULT AND BATTERY.—DAMAGES.—Suit for assault and battery against A and B. The evidence showed that the injuries were inflicted directly by A, and that he was aided and encouraged by B, who came up after the assault was begun. The court instructed the jury that if B aided and abetted A, by encouraging him to continue the battery, and A did continue the same, B would be equally liable with A for the damages resulting.

*Held*, that the instruction was right, and applicable to the evidence.

*Held*, also, that if the defendants jointly committed the battery they were equally liable, and the damages should be assessed against them jointly.

SAME.—MEASURE OF DAMAGES.—The court instructed the jury that the amount of damages in such cases is not fixed by law, but is left to the discretion of the jury; that the jury should look at the nature and extent of the injuries, and the circumstances under which they were inflicted, and then say what is just and proper under all the circumstances.

*Held*, that the instruction was right.

APPEAL from the *Henry* Circuit Court.

FRAZER, J.—This was an action for assault and battery by *Tingle* against *Little* and others. Answer, general denial; verdict and judgment for plaintiff for $2,000 in damages.

The evidence was somewhat conflicting as to the exact part taken by *Little* in the assault and battery. The injuries

were shown to have been directly inflicted by the hand of another defendant, *Fox*, aided by still another, and encouraged by *Little*. The evidence was conflicting as to whether the chief injury, the loss of an eye, occurred before or after the defendant made himself responsible by giving encouragement. There was too much evidence in support of the verdict to warrant this court in reversing the judgment upon the ground that the verdict was against the evidence.

The court charged the jury that if *Little* was not present at the beginning of the difficulty, but afterwards came up and aided and abetted *Fox*, by encouraging him to continue the assault, and *Fox*, in pursuance of such counsel, did continue the same, the plaintiff, *Little*, would, be equally guilty with *Fox* of such beating. The appellant complains of this instruction. We think it sound law, and applicable to the evidence.

Another instruction was to the effect that if no injury was done after *Little* encouraged *Fox*, then the verdict must be for *Little*. This was surely not calculated to injure the appellant, and even if not good law, would not be an error of which he could avail himself in this court.

Charges were asked by the appellant, and refused by the court, which were proper to be given; but there was no error·in this, for the reason that the court had already given substantially the same charges.

The jury was instructed that if the defendants jointly committed the battery, they were equally liable, and the damages must be assessed against them jointly. We think that this was correct on principle, and it is supported by the authority of numerous cases. *Carney* v. *Reed*, 11 Ind. 417.

Nor was there any error in instructing the jury as follows: "The amount of damages is not fixed by law, but is left to your sound discretion; you should look to the nature and extent of the injury inflicted, the circumstances under which it was inflicted, and then say what is just and proper under

all the circumstances." If the appellant wished an instruction as to the distinction between nominal, compensatory and vindictive damages, which it is claimed should also have been given, he ought at least to have moved the court below to have given such an one.

The judgment is affirmed, with costs.

*J. H. Mellett* and *N. H. Johnson*, for appellant.

*W. A. Peele, J. B. Julian* and *J. F. Julian*, for appellee.