### BRINK *v.* PURNELL.

Assault and Battery—Joint Tort-Feasors—Trespass.

It was not error to instruct the jury, in an action for assault and battery, that defendant, who did not strike plaintiff, could not be held liable unless he counseled and abetted the alleged wrong, and the utterance of the words, "Kill him," etc., would render him liable if they were uttered during the progress of the affray with the intention of instigating and encouraging the assault.

Error to Berrien; Coolidge, J. Submitted April 14, 1910. (Docket No. 91.) Decided July 14, 1910.

Trespass *vi et armis* by Ethlyn Brink against Benjamin Purnell and others. A judgment for plaintiff is reviewed by defendant Purnell on writ of error. Affirmed.

*H. S. Gray* and *James O'Hara*, for appellant.

*John J. Sterling* and *I. W. Riford*, for appellee.

HOOKER, J. The plaintiff received a judgment against several defendants, among whom was Benjamin Purnell, who alone has appealed. Purnell is the head of a sect called the "House of David," which has grounds called "The Park Springs of Eden," near Benton Harbor, where it at times invites the public. On the occasion of the injury of which the plaintiff complains, the public had been invited, by the distribution of handbills, and a steamer from Chicago had brought over quite a large crowd who went to the park. The plaintiff went there with one Harry Williams and her sister and brother-in-law. Williams had at one time been a member of the sect, and afterwards had trouble with the members, and one witness swore that on the day in question he had told him not to go upon the premises. This is disputed by Williams. Wolmar and Bell, both large men and members of the sect, the first named being their private watchman, and both being defendants in this case, are alleged to have gotten into a fight with Williams and his party, and there was testimony that both Wolmar and Bell made an unprovoked assault upon both Williams and plaintiff. This is denied by other testimony, and it is claimed that Wolmar and Bell were first assaulted by both Williams and plaintiff. It is claimed on behalf of the appellant that there was no testimony whatever tending to show his participation or complicity in the alleged assault upon the plaintiff.

All of the testimony which can be claimed to have a tendency to prove his complicity is the following:

(1) Williams had made a bitter attack upon the sect, and by conversation, preaching, and publication of a book had denounced it, claiming that it had defrauded him. His claim was finally adjusted and settled. It is manifest that there was a strong feeling against him among the members.

(2) On entering the place, he had met some of the members, among whom was Bulley, and greeted them in a friendly way, and all agree that he had made no disturbance.

(3) A short time later these two men and Bulley approached him and his party and began an attack upon him, and followed the party up and made two other attacks, and upon the second and possibly the third Purnell was a few feet distant, while Williams and the plaintiff were being assaulted and shouted repeatedly: "Kill him! Kill him! We have got him now! Kill him!"

(4) There was testimony that Bulley, after meeting Williams, immediately went to "headquarters," returning with Wolmar and Bell, when they approached and attacked Williams; that Purnell was near by at the second and third assaults, if not at the first, and was using the language stated, and was within six feet of plaintiff when she was struck. Although present at the trial, Purnell did not testify.

From the circumstances, counsel asked the jury to infer that Purnell participated in the attack if he did not direct it. The court instructed the jury that:

"There is no evidence in this case that Benjamin Purnell assaulted the plaintiff. He cannot be held liable in this case unless you find that he counseled, instigated, aided, and abetted in the assault upon the plaintiff. Some of the witnesses testified that Purnell uttered the words: 'Kill him,' or, 'We have got him, kill him,' during the encounter. If the assault upon the plaintiff was unlawful, and Purnell addressed those words to the assaulters while they were assaulting Williams and the plaintiff, with the design of instigating and encouraging the assault, then he is liable jointly with the other defendants. Even if these words were uttered, if they were uttered when no assault was being committed upon the plaintiff, then Benjamin Purnell is not liable; but, as I say, if these words were uttered while this affray was going on, and the plaintiff was in the mêlée, then, gentlemen, Benjamin Purnell is equally liable with the defendants, if an unlawful assault was committed."

This instruction and the refusal to direct a verdict in favor of Purnell raise the important question in the case.

We are of the opinion that the charge was a proper one, and that the refusal of the request was not error.

Counsel state that they rely on three other points. We have examined them, and think they are not cause for a reversal.

Judgment affirmed.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.