## SATHAM v. MUFFLE et al.

### (135 N. W. 797.)

**Assault and battery — civil liability — admissibility of plea of guilty in criminal action.**

1. Plaintiff sued the defendants for damages alleged to have been inflicted upon him by them through an assault and battery. At the trial plaintiff introduced in evidence the record of a justice of the peace, showing that two of the defendants had pleaded guilty to the same assault and battery in a criminal action. Defendants objected to the reception of the said record, because it did not show that the defendants had been fully informed of their rights by the justice, and because the complaint in said justice court was not specific enough to constitute the plea thereto an admission of assault and battery. *Held,* that the plea was an admission against interest, and that upon all of the facts shown was an admission that they had assaulted and battered plaintiff, and, as such, was admissible in evidence to go to the jury for what it was worth.

**Assault — civil action for — proof of plea of guilty in criminal action.**

2. After the reception of the plea of guilty above mentioned, the defendants

offered to prove that they had been advised by friends to plead guilty in the criminal case, as it would be cheaper to so do than to allow their breaking outfit to stand idle and to hire attorneys. *Held*, that while the plea of guilty was not conclusive and could be explained by competent evidence, yet statements made to the defendants by other parties, unless relied upon, are inadmissible in evidence.

**Assault — evidence of former altercations — malice.**

3. Evidence of former altercations with one of the defendants held admissible as showing the question of malice.

**Assault — proof that defendant carried weapon and had threatened to use it.**

4. Evidence that one of the defendants was in the habit of carrying a pocket knife, and that he had made threats to use it, admissible under the facts in this case, as plaintiff had during the course of the altercation armed himself with an iron bolt, and claimed to have done so in self-defense.

**Assault — incitement to, by one not actively participating.**

5. The elder defendant, who was the father of the other two defendants, did not actually touch the plaintiff, but he stood by and encouraged the sons to do so, using such expressions as, "soak him," "kill him," and telling the sons about the plaintiff having a bolt to assault their father. *Held*, that the father by such conduct became an active participant in the fight, and a motion made at the close of the case to instruct a verdict for him was properly denied. Likewise such a motion for the other defendants was properly denied.

**Appeal — error in instructions.**

6. Errors assigned upon the instructions to the jury examined and found without prejudicial error; the case being one peculiarly for the jury, and wherein the instructions, even if faulty, would not be likely to mislead.

Opinion filed March 28, 1912.

Appeal by defendants from a judgment of the District Court for Sargent County, *Allen, J.*, in plaintiff's favor in an action brought to recover damages for an assault and battery.

Affirmed.

*Wolfe & Schneller,* of Wahpeton, and *E. W. Bowen,* of Forman, for appellants.

*Purcell & Divet,* of Wahpeton, for respondent.

Burke, J.    While there are the customary minor disputes, a fair preponderance of the evidence shows the following facts: Plaintiff was an unmarried man, thirty-six years of age, in good health, weighed

about 145 pounds, and was a grain buyer at the little station of Straub-ville, North Dakota. The defendant, Jacob Muffle, Sr., was a farmer, sixty-nine years of age, who lived adjacent to the village. He was very eccentric, and it would appear that some of the citizens, who should have known better, amused themselves by teasing him. The younger Muffles were his sons, also farmers, aged about thirty and thirty-six respectively, and who had left the father's home. It also appears that plaintiff had boarded with the older Muffle for a time, and had left the home with some little bad feelings between them. Upon the 19th day of May, 1909, the elder Muffle met the east-bound train, preparatory to going to the county seat to serve as a juror at a regular term of the district court. Plaintiff met the same train upon some of his elevator business. When he reached the station one Schultze was teasing Muffle, Sr., regarding his qualifications as a juror, and Muffle was striking at and swearing at Schultze. It was just dusk, but when plaintiff came up close enough to be recognized, Muffle turned upon him and called him a foul name. For this plaintiff gave him a push that sent him back about a dozen feet. The old man recovered and rushed at plaintiff just as the train pulled into the station. Plain-tiff avoided him by rushing across the railway tracks ahead of the engine, and allowing the train to stop between them. Muffle then board-ed the train from the station side, and plaintiff tried to board it from the opposite side, as he says, for the purpose of crossing to the station side to talk to the train crew. He had picked up an iron bolt about 20 inches long and held it in his hand. There were but two coaches in the train, so Muffle and plaintiff met as each tried to ascend the coach steps. Muffle, being first up, tried to prevent plaintiff's ascent by kicking at his face. Incidentally he used some loud and vulgar language, and reproached plaintiff for arming himself with the bolt. Plaintiff thereupon threw away said weapon, but continued the al-tercation. The disturbance was heard all over the town, and the two younger Muffle boys, who had been at a store across the street, recog-nized their father's voice and rushed to his assistance, and jointly and severally chastised plaintiff until he hollered enough, when they ceased. Plaintiff appears to have received a broken nose, black eye, broken tooth, and some minor injuries. During the fight the elder Muffle remained upon the car steps, and took no part further than to encour-

age the boys by telling of the iron bolt and other grievances, and advising the boys to "kill him," "soak him," and similar expressions. When the train pulled out, he went upon it. The following day the two boys were arrested upon the charge of assault and battery upon the complaint of Satham. They pleaded guilty and paid a small fine.

The case at bar is a civil action against the father and the two sons for damages alleged to have been inflicted upon plaintiff. In the complaint it is alleged that the defendants, "Jointly, wrongfully, and unlawfully conspired together . . . to assault, beat, bruise, and injure plaintiff," and that as a result of the conspiracy the two sons did assault and batter said plaintiff, and that the father did counsel, advise, incite, and encourage the said sons in their said assault, wherefore the plaintiff prays judgment against all of the defendants in the sum of $2,515.00, for actual and punitive damages. The answer filed by the father is a general denial. The sons add the further defense of justification, alleging that what they did was in defense of their father's person. They also add to their answer the following statement: "That thereafter and on or about the 20th day of May, 1909, the plaintiff made a complaint before W. W. Bradley, Esq., a justice of the peace in and for Sargent county, in which these two defendants were charged with the commission of assault and battery upon the person of the plaintiff, such charge being based upon the acts aforesaid; that being advised thereto by friends and relatives who were not lawyers, and being entirely unadvised as to their legal rights in the premises, these defendants, mistakenly believing themselves technically guilty of assault and battery upon the person of the plaintiff, went before said justice of the peace and entered a plea of guilty to said charge . . .; that in truth and in fact these defendants were not guilty of said offense, and made and entered said plea under a mistaken apprehension both of the facts and of the law."

(1) At the trial below, plaintiff offered in evidence the record of the justice of the peace to show the plea of guilty entered by the two younger Muffles, as an admission against their interests in the present case. Appellant concedes that this procedure is proper as a general rule of law, but insists that in this praticular case the record offered was insufficient in several particulars; for instance, that the complaint in the justice court did not in fact charge any offense. Also that the record

offered does not show affirmatively that the prisoners had been informed of their statutory rights, or that the complaint had been read to them. In passing upon this objection, we must bear in mind the fact that the plaintiff was merely trying to prove an admission made by the two boys that they had committed an assault, and the assault in issue, upon plaintiff. This admission could have been proved by any person hearing it made, or by the record of the justice of the peace. If the proof is by record only, such record should show the complaint and the record of the plea of the defendants thereto. The complaint need not be formal or technical, but need only state the jurisdictional facts, and fairly apprise the defendants of the nature of the charge laid against them. An examination of the record offered in the case at bar shows the complaint in full. It charges that "on the 19th day of May, A. D. 1909, at Straubville, Jackson township, in said county, the above-named defendants did the crime of assault and battery, committed as follows, to wit, that at the same time and place the said Jake Muffle, Sr., Aaron Muffle, and Louis Muffle, with cause or provocation, did wilfully, maliciously, and unlawfully strike, kick, and beat the said Peter Satham, he being then and there against the peace and dignity of the state of North Dakota. Wherefore, complainant prays that defendants may be arrested and dealt with according to law." The record shows that the defendant Jake Muffle, Sr., pleads not guilty and the defendants Aaron Muffle and Louis Muffle plead guilty. We are not unmindful of the assaults upon the English language contained in the above complaint, but courts of justice must deal with the poorly educated people as well as with those more fortunate, and we believe that the defendants were fully and fairly informed of the charge against them by the said complaint, and that they pleaded guilty with a full knowledge of what it was all about. When we further consider that these defendants had pleaded in their answer that they had been arrested and had pleaded guilty to the charge, we must hold that proof of the record offered was admissible. They try to avoid the effect of their own answer in argument before this court by saying that their answer meant that the complaint in the justice court was based upon the facts disclosed, and that those facts showed that they were not guilty; but a careful reading of the said answer, set forth above, will show defendants allege a plea of guilty to a charge of assault and battery, and an attempt to explain

away such admission by showing that they pleaded guilty to avoid the expense of a trial. Having pleaded these facts themselves, it would be a strange rule that allowed them to complain that such facts were not proven by their adversary. This applies to the matter of reading the complaint to the defendants and similar objections. This is not an argument upon a demurrer, it is merely a discussion as to what admissions of the defendants were made in a former trial.

(2) We now come to a more serious question. After the trial court had admitted the record of the justice of the peace showing the plea of guilty, the defendants made the following order: "Defendants offer to prove by this witness and the witness Louis Muffle and by the witness Knute Knipstrap and George Sullivan, that this witness and the other defendant, Louis Muffle, were on the morning of the 20th of May, 1909, advised by Knipstad and Sullivan to come to Forman and enter a plea of guilty to assault and battery, for the reason that it would be better and cheaper than to employ an attorney and let their breaking rig stand idle during the time of the trial, and whether guilty or innocent made no difference." This offer was rejected by the court, and error is assigned upon the ruling. The appellant cites to us cases holding that a plea of guilty entered in a criminal case is not conclusive against the defendant in case the same facts are made the basis of a civil suit, and that the defendant may show why he comes to make the plea of guilty. There is no attempt upon the part of the plaintiff to dispute this doctrine, either here or below. In fact the defendants were allowed to go all over the details of the combat and give their version of the facts. They were not held to their plea of guilty. They were allowed to show fully just how the fight started, progressed, and ended. They were also allowed to show that they were running a breaking outfit the next day when arrested, and that they advised with friends. When, however, they attempted to show what those friends had advised them, the evidence was excluded. The statements made to defendants by other persons would at most be material if they were relied upon and acted upon by defendants; and the offer made does not include this fact. Dozens of their friends may have advised them to plead guilty, but unless they were influenced thereby to make such a plea the advice of their friends would be immaterial in this suit. After all the matter in issue was not what they were advised, or what they did

in justice court, but what did they do in the fight at Straubville? The advice of friends and the plea of guilty are only straws. As the trial court allowed them to show all the facts of the assault, the jury could determine the fact in issue, and defendants are not prejudiced in any manner by the exclusion of statements made by friends not under oath. See Root v. Sturdivant, 70 Iowa, 56, 29 N. W. 802.

(3) During the course of the trial, plaintiff offered evidence to the effect that plaintiff and the elder Muffle had an altercation some time before the assault in issue. This evidence was admitted over the objection of the defendants. We think the evidence proper. It showed the condition of the elder Muffle's mind toward plaintiff, and went to the question of punitive damages at least.

(4) Another error alleged by appellant is the admission of evidence as to the elder Muffle carrying a knife, and threats made by him to use it. As the evidence showed that plaintiff had armed himself with an iron bolt after the first meeting with the elder Muffle, we think it proper to show the above facts as a reason why plaintiff so armed himself.

(5) At the close of the taking of evidence, the defendants moved for a directed verdict upon the grounds of failure of proof. It is especially urged that the elder Muffle was entitled to the same as he had not touched plaintiff and no conspiracy was proven. The ruling of the trial court was right. The elder Muffle had stood by and encouraged the boys in the assault; he had related to them the facts of the bolt in plaintiff's hands. He had done everything he could to incite the anger of his sons. Such conduct made him an active participant in the assault, and equally liable with his sons for any damage done. Little v. Tingle, 26 Ind. 168; Baldwin v. Biersdorfer, Wilson, Super. Ct. (Ind.) 1; Brink v. Purnell, 162 Mich. 147, 127 N. W. 322, Ann. Cas. 1912A, 829. In the last-named case the language was very similar to that used by Muffle, Sr. We think the motions were properly denied.

(6) Certain errors are predicated upon the instructions to the jury. Most of them relating to the matters already covered by this opinion, and are in harmony therewith. They will therefore not be further noticed.

Many other exceptions are taken to the charge of the jury and have been carefully considered by us. Many of the extracts quoted by appellants, taken alone, are subject to criticism, and emphasize the neces-

sity that judges prepare their charges with care. However, taken as a whole we do not believe there is anything in the charge that can be said to prejudice either of the defendants. The case is one peculiarly for the jury, and one in which the charge of the judge is not likely to mislead.

Finding no prejudicial error, the judgment is affirmed.