## MOCK v. POLLEY

[No. 17,431.   Filed April 12, 1946.]

582

*Lewis E. Marine* and *Richard L. Eubank,* both of Indianapolis, for appellant.

*Todd & Craig* and *E. Dean Miller,* all of Indianapolis, for appellee.

BOWEN, J.—This case is an action by appellee against the appellant and one A. J. Carlisle, appellant's shop foreman, for damages for personal injuries.

The complaint alleged that appellee was an employee of appellant but was refused work, and on the afternoon of such refusal the appellee called at the office of appellant and requested a release of employment from the appellant; that thereupon he was violently assaulted and struck by appellant's shop foreman,· Carlisle, at the suggestion, invitation, direction and command of the appellant; that the said Carlisle struck appellee twice on the left cheek bone and broke same in three places, and also broke and destroyed appellee's teeth,

thereby causing appellee great pain and mental anguish; that appellee, by reason of such injuries, will be disfigured for life; that he was confined to a hospital for two days; that he was compelled to expend $50.00 for medical aid and hospital expenses; all occasioned by the wrongful acts of the defendants, all to his damage in the sum of $10,000.00.

The appellant filed a motion to make the complaint more specific in that appellee be required to make that part of the complaint reading ". . . and also broke and destroyed his teeth . . ." more specific, definite and certain by alleging the description and number of plaintiff's teeth which were broken and destroyed. This motion was overruled by the court.

Issues were then joined on the complaint. The case was tried to a jury and judgment rendered on the jury's verdict for the appellee, and against appellant, in the amount of $1,500.00 damages.

Errors are assigned by appellant as follows: (1) that the trial court erred in overruling appellant's motion to make appellee's complaint more specific; (2) that the trial court erred in overruling appellant's motion for a new trial, which motion is based upon the ground that the verdict was not sustained by sufficient evidence, or is contrary to law.

In support of the first assignment of error, appellant contends that he could not prepare a proper defense because appellee was not required to give a specific description of the number of his teeth that were broken and destroyed. He also contends that since the evidence showed the teeth were false teeth and personal property, and plaintiff's cause of action was for personal injuries, and since the statute requires injuries to person and damage to property to be set out in separate paragraphs in a single action, the failure of the court to require

appellee to make the complaint more specific was prejudicial in that defendant did not have the time or opportunity to prepare a proper defense.

We do not think that appellant's contention as to the first assignment of error is well founded.

It is well established in this state that the overruling of a motion to make a complaint more specific, even though technically erroneous, does not constitute reversible error unless it is shown to be prejudicial and that substantial injury resulted therefrom. *Cline* v. *Rodabaugh* (1933), 97 Ind. App. 258, 179 N. E. 6; *Carter* v. *Richart* (1917), 65 Ind. App. 255, 114 N. E. 110; *Indianapolis Power & Light Co.* v. *Waltz* (1938), 104 Ind. App. 526, 12 N. E. (2d) 404.

The following cases cited by appellant in his brief— *Holland* v. *Bartch* (1889), 120 Ind. 46, 22 N. E. 83; *Louisville, etc., Railway Company* v. *Bates, Admr.* (1897), 146 Ind. 564, 45 N. E. 108; *Tipton Light, etc., Co.* v. *Newcomer* (1901), 156 Ind. 348, 58 N. E. 842; *A. J. Yawger & Co.* v. *Joseph* (1916), 184 Ind. 228, 108 N. E. 774—are cases in which overruling of motions to make complaints more specific were held to be error because the complaints failed to state the particular acts constituting negligence. Such a rule is inapplicable to the allegations complained of in appellant's motion to make the complaint more specific in the instant case. In considering the sufficiency of the complaint, the trial court had the proper right to consider any reasonable and legitimate inferences which might be drawn from the allegations thereof. A reasonable inference from such allegations would be that it was alleged that all of plaintiff's teeth were destroyed, since the plural was used without any limitation. We fail to see how the defendant could have been harmed by the failure to enumerate the number of teeth which

were destroyed, nor how the sustaining of appellant's motion and the requiring of appellee to state the number of teeth which were destroyed would have disclosed whether such teeth were false teeth, as claimed by appellant.

The complaint proceeds on the single theory as an action for damages for personal injuries. The complaint in this case, in a single allegation, states that appellant's foreman struck appellee twice on the left cheek and broke same in three places, and that his teeth were broken and destroyed, causing him great pain and mental anguish.

A person may suffer physical pain and actionable injuries as an incident to the breaking of false teeth, glasses or similar objects attached to his body, and the reference to such objects would constitute mere descriptive words and surplusage where such party seeks to recover damages for the personal injuries only.

We therefore hold that the complaint in the instant case was sufficient as against appellant's motion to make the complaint more specific and the points raised by the first assignment of error. The appellant was properly informed as to what he was called upon to defend, and there was no misjoinder of causes of action for personal injuries and property damage in the same paragraph of complaint.

In addition, the record shows that the appellant did not object to the introduction of evidence as to the value of false teeth as personal property, and no error is predicated upon the giving or refusing to give instructions on the law concerning such testimony. The evidence shows that the appellee suffered severe injuries, including a fracture of the zygomatic process and a fracture of the external wall and floor of the maxillary sinus, from which fractures there was

some displacement, and which injuries were painful and permanent in nature. For such injuries alone and the permanent consequences thereof the amount of $1,500.00 damages was not excessive.

The second assignment of error by appellant is the action of the trial court in overruling his motion for a new trial, which motion is based upon the ground that the verdict was not sustained by sufficient evidence, or is contrary to law. In support of this assignment, appellant contends that as a matter of law the injury inflicted upon appellee by appellant's foreman, Carlisle, was the independent act of Carlisle, committed by him in excess of appellant's instruction, and pursuant to his own will and initiative, for which the appellant could not be liable. The appellant further asserts that the only direction by appellant employer to Carlisle was to put or throw appellee out of the office; that Carlisle carried out said instruction without using unnecessary force; and that appellee was fully outside the premises and upon the sidewalk when Carlisle struck him, as a result of which this action for damages was brought.

We recognize the rule, contended for by appellant, that a master is not liable for an independent wrongful act committed by his employee where such act was committed by the employee on his own initiative, and the commission of which was not to serve his employer. *Mc'Manus* v. *Crickett* (1800), 1 East 105; *The Evansville and Crawfordsville Railroad Company* v. *Baum* (1866), 26 Ind. 70; *Polk Sanitary Milk Co.* v. *Berry* (1938), 106 Ind. App. 29, 17 N. E. (2d) 860; *Wells* v. *Northern Ind. Pub. Service Co.* (1942), 111 Ind. App. 166, 40 N. E. (2d) 1012; Restatement of the Law of Agency, Ch. 7, p. 526, Sec. 235.

We wish to note, however, that the true test is whether the servant is engaged in accomplishing an

end which is within the scope of the employment, ■ and while so engaged adopts means reasonably intended and directed to the end, regardless of the motives which induced the adoption of the means, and even though the means employed are outside of his authority, and even though the act be ill advised and malicious, and regardless of whether the particular act was or was not directly authorized. *The Pittsburgh, Cincinnati and St. Louis Railway Company* v. *Kirk* (1885), 102 Ind. 399, 1 N. E. 849; *The Oakland City Agricultural and Industrial Society* v. *Bingham* (1892), 4 Ind. App. 545, 31 N. E. 383; *Evansville and Terre Haute Railway Company* v. *McKee* (1885), 99 Ind. 519; Restatement of the Law of Agency, Ch. 7, p. 549, Sec. 245 (b).

A careful examination of the evidence, furthermore, shows that the rule of law contended for by appellant is not applicable to the facts in the instant case.

The evidence shows that the appellee Polley had been an employee of appellant Mock, doing business as the Standard Manufacturing and Machine Co., for about nine weeks prior to the incident in question. On Monday, May 8, 1944, Polley reported for work about six o'clock in the morning. He was told by Carlisle, the foreman, that Mock was "done" with him, and was given his pay check. At that time Polley asked for his separation or availability papers, since appellant's shop was engaged in defense work for the government, and was told he would have to come back and get them when Mock was there. Polley returned to Mock's place of business about five o'clock in the evening of the same day and went to the office. Mock came into the office from the shop, and Polley asked him for his separation papers, stating that he wanted them in order to get another job. Mock replied that he wasn't going to give

Polley his papers that evening, and if Polley did not leave he would throw him out. Then Mock stated that he would not do that because Polley could sue him, but that he would get somebody who would throw Polley out. Appellant then called Carlisle, the foreman, into the office from the shop, and appellant himself testified that he then told Carlisle to put appellee out of the door. Carlisle thereupon, as he stated in his own testimony, walked up against Polley and backed him out of the door. Carlisle was then standing in the doorway while Polley was outside on the sidewalk. Polley testified that Carlisle wanted him to leave from where he was standing on the sidewalk, and that he refused. There was some conflict in the evidence on this in that Carlisle claimed that Polley called him a name and asked him to take off his glasses and come out there. Nevertheless, upon a basis of the evidence and reasonable inferences therefrom, after a very brief exchange of words, Carlisle, while standing in the doorway facing Polley on the sidewalk, handed his glasses to Mock, the appellant. Then Carlisle immediately stepped out on the sidewalk and struck Polley in the face with his fist and inflicted the severe injuries complained of, from which injuries Polley had to be hospitalized. The evidence further shows that both Mock and Carlisle were much larger men than Polley. Carlisle weighed over 200 lbs. and Polley weighed around 150 lbs., and as Carlisle stated in his own words, "I didn't want to hit him because he was so much smaller than I." Carlisle admitted that at the time the difficulty occurred nothing was said or done by Polley to cause Carlisle or Mock to be fearful of Polley.

In order to render appellant liable for the wrongful acts charged, it is not necessary that the evidence

should show that he personally laid hands upon the appellee. The law makes him civilly liable if he aided and abetted therein by being present and giving encouragement. *Grabowski* v. *Benzsa* (1923), 80 Ind. App. 214, 140 N. E. 76; *Little* v. *Tingle* (1866), 26 Ind. 168.

The appellant commanded his servant and foreman, Carlisle, to put or throw the appellee out. He was standing by the doorway and held Carlisle's glasses while the brutal blow was inflicted. By his words and acts he gave encouragement to his servant, Carlisle, until Polley was struck. From these facts the jury was fully warranted in finding him equally guilty with Carlisle of this assault and battery.

In the case of *Little* v. *Tingle, supra,* the court approved as sound law an instruction which held one equally liable in damages where he was not present at the beginning of a difficulty if he afterwards came up and aided and abetted another by encouraging him to continue an assault, and if said other party in pursuance of such counsel did continue the same. The facts of the instant case are even stronger in that appellant commanded Carlisle to start the difficulty by ordering him to remove Polley from the premises; and from an examination of the evidence it clearly appears that the appellant, by his words and acts from beginning to end, encouraged, aided and abetted Carlisle in the perpetration of the assault and battery.

We hold that there was sufficient evidence to sustain the verdict and to hold Mock, the appellant, liable in damages for the injuries suffered by Polley. We fail to find reversible error herein, and the judgment is therefore affirmed.

Royse, P. J., not participating.

Note.—Reported in 66 N. E. (2d) 78.