**THOMPSON v. JOHNSON et al.**

**THOMPSON v. JOHNSON.**

**JOHNSON v. THOMPSON.**
No. 12925.

United States Court of Appeals,
Fifth Circuit.
March 2, 1950.

---

432

Chester L. Sumners, Oxford, Miss., S. H. Long, Tupelo, Miss., for appellants.

Edw. C. Brewer, Clarksdale, Miss., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The suits from which these appeals come were for damages for assault and battery. They are from judgments in two of three suits brought, one by George Thompson, one by his wife, Mrs. Eddie Ray Thompson, and the third by his mother who, the judgment being in her favor, did not appeal.

The claim in each of the suits appealed was that the three named defendants, acting together, had assaulted and battered each of the plaintiffs.

The defendants, denying plaintiff's claims, alleged: that there was no concerted assault upon anyone; that George Thompson and Roy Johnson became involved in a fist fight; and that Garner Johnson, in order to prevent Mrs. Thompson from seriously injuring Roy Johnson by striking him with an iron jack handle, had, exerting no more force than was necessary, caught and held her.

Tried to the court without a jury, the undisputed evidence established: that the Thompsons had been tenants of Garner Johnson; that at the time of the assault and battery complained of, George Thompson was lawfully on defendant's property, having gone there with the permission of Garner Johnson, communicated by him through the sheriff, for the purpose of searching for his cow; that notwithstanding the fact that he was lawfully on said premises, the defendants, under a preconcerted plan, had gone together for the purpose of driving him off the premises; that, having first armed themselves with a gun, they had driven up to the premises, where the plaintiff was, for that avowed purpose; and that, leaving their loaded and cocked gun in the car, they had proceeded together on foot to eject plaintiff from the place.

As to what occurred when they reached plaintiff, there is conflict in the evidence. Plaintiff and his witnesses testify: that, warned by his wife that defendants had

a gun, and of his imminent danger, plaintiff was running back to the road and the car when, without having done or said a thing to provoke it, he was tripped and mercilessly beaten and maimed by Roy Johnson, a husky burly man, Thompson being small and slight; and that the other two defendants not only stood by looking on and doing nothing to prevent the brutal assault, but actively aided and abetted Roy by seizing plaintiff's wife and mother and preventing them from coming to his aid.

The defendants' version of the occurrence, while somewhat different in fact, is no more helpful to them in law. It is that as the three defendants approached plaintiff, Roy, a little ahead of the rest of them, walked up right close to plaintiff and said, "I thought I told you to stay off this place", and Thompson said, "I will come on this place when I get good and damn ready, and no son of a bitch like you is going to stop me"; and then Roy hit him, and the fight took place.

Roy further testified, "I didn't a go out there with the intention of starting a fight. My primary reason was to get him off the place down there, that is, away from the pasture".

The testimony of the plaintiffs, as to what was done to plaintiff's mother and wife, was that they were cursed, harshly and roughly handled, and abused and vilified, while that of the defendants was that they were merely held with just enough force to prevent them from engaging in the fight, and that it was the women who were doing the cursing and vilifying.

The district judge, at the conclusion of the evidence, without resolving any of the conflicts, stated, "There may be a good many conflicts about certain phases of this lawsuit, but there is no doubt that the plaintiff should recover as against the defendant, Roy Johnson. Men don't get one shoulder dislocated and the elbow on the other side wrenched out, and the ligaments torn in ordinary fist and skull fight—that just doesn't happen; that was deliberate and intentional—bound to have been. Granted, for the sake of argument, that

Mr. Thompson cursed him. He had a right, if that be true, under the law, to hit him, but he didn't have any right to go far enough to dislocate his arm and shoulder." He then gave judgment for the plaintiff against Roy Johnson for $2500 actual, and $1000 punitive, damages, and, saying, "There is some evidence in the case that there might have been a conspiracy, but it is purely circumstantial, and there are circumstances the other way that are just as strong", denied plaintiff a judgment against Garner and Robert Johnson.

In the suit of Mrs. Thompson, the wife, saying that Garner Johnson's act in seizing and holding her to prevent her from hitting Roy Johnson with a piece of iron was not unlawful, that there was nothing in the case that would prove to him that either the elder Mr. Johnson or Robert Johnson, in the heat of that thing, could tell that their son and brother had inflicted any such grievous injuries on the plaintiff as are shown, the judge denied plaintiff any recovery.

In the suit of Mrs. Thompson, the mother, he gave judgment against Robert Johnson for $500, and that judgment is not appealed from.

Mrs. Thompson, the wife, is here insisting that the judgment against her should be reversed and remanded for a new trial, and George Thompson is here urging that the judgment in his case, insofar as it was in favor of Robert and Garner Johnson, should be reversed and here rendered or remanded for a new trial on the issue of punitive damages.

Roy Johnson has appealed from the part of the judgment against him imposing punitive damages.

 Plaintiffs-Appellants invoke the settled principles of law covering concerted wrongful action: that in addition to persons who actually participate in an assault and battery, persons who aid, abet, or procure the commission thereof, are subject to a civil action therefor;[1] that on the theory that the act of one is the act of all, the rule of joint and several liability of tort feasors prevails where the tort

---

1. 4 Am.Jur., "Assault and Battery", Secs. 4 and 128, and cases cited.

feasors act in concert or unity of action, and, therefore, applies to tort feasors who intentionally unite in the wrongful act or who are present, assist, or participate therein;[2] and that where two or more persons engage in a common enterprise, they are jointly liable for wrongful acts done in connection with that enterprise, at least where the enterprise is an unlawful one, in which case all are answerable for any injury done by any one of them, although the damage done was greater than was foreseen or the particular act done was not contemplated or intended by them.[3] They insist that, as a matter of law, they should have had judgment against all of the defendants for their actual damage.

They insist, too, that while different rules prevail in different jurisdictions, as to the award of punitive damages,[4] it is settled law in Mississippi that damages should be assessed against all of the defendants jointly according to the amount which the most culpable of them ought to pay.[5]

In the light of these settled principles of law, we cannot agree with the insistence of the appellees that the district judge having found that Garner Johnson and Robert Johnson did not know the extent of the injuries being inflicted on plaintiff Thompson, his findings under Rule 52, Rules of Civil Procedure, may not be set aside as to them, and his judgment in their favor must be affirmed. For, under the principles above set out, these two defendants, being engaged in a common enterprise with their co-defendant, Roy, were liable for his acts in carrying it out, especially since, instead of interfering to prevent the brutal assault and maiming, they insured its being inflicted by holding Thompson's wife and mother until Thompson, helpless and inert, had been cruelly beaten and maltreated, and they should,

therefore, be held jointly liable with said defendant to compensate plaintiff for his injuries.

On the issue of punitive damages, we think it too plain for discussion that the district judge was right in accessing these damages against Roy Johnson, wrong in not giving judgment against the other defendants also for them. This is because, under Mississippi law, as to exemplary or punitive damages, it is quite plain that the determination of the court that Roy Johnson was liable for punitive damages is binding on the other defendants acting with him and makes them liable for such damages in the same amount.[6]

On Roy Johnson's appeal, the judgment is affirmed.

On George Thompson's appeal it is affirmed as to Roy Johnson and reversed as to Robert and Garner Johnson. Instead, however, of being reversed and remanded for retrial as to these two defendants, the judgment in favor of appellant, George Cleveland Thompson, is amended so that instead of, as ordered below, dismissing the cause as to these two defendants and giving plaintiff judgment against Roy Johnson only, it will order that plaintiff George Cleveland Thompson, do have and recover from all of the defendants, Robert Johnson, Garner Johnson, and Roy Johnson, the sum of $3500, with interest from May 17, 1949, at six percent per annum, and all costs, and, as amended, will be affirmed.

Upon the appeal of Mrs. Thompson, it is quite clear from what has been said above and from a consideration of the applicable authorities,[7] that whatever the amount of the damages which should be awarded in her favor, the failure to award any was error, and that, for this failure, the judgment must be reversed and the cause remanded for trial anew.

Amended and affirmed.

2. 52 Am.Jur., "Torts", Sec. 111, "Concerted Action"; Sec. 114, "Instigation"; Sec. 115, "Ratification".

3. 52 Am.Jur., "Torts", Sec. 116, "Engagement in Common Enterprise".

4. 15 Am.Jur., "Damages", Sec. 294.

5. Interstate Co. v. Garnett, 154 Miss. 325, 122 So. 373, 756, 63 A.L.R. 1402.

6. Bell v. Morrison, 27 Miss. 69; Interstate Co. v. Garnett, supra.

7. 4 Am.Jur., "Assault and Battery", Sec. 54, p. 155; 5 Corpus Juris, "Assault and Battery", §§ 31–32, pp. 635–637; 6 C.J.S., Assault and Battery § 18.