226 P.2d 143

**RAMIREZ v. CHAVEZ.**

No. 5232.

Supreme Court of Arizona.

Jan. 19, 1951.

Glenn Copple and Udall W. Pace of Yuma, for appellant.

Byrne & Green, of Yuma, for appellee.

PHELPS, Justice.

The facts out of which this legal controversy arose are as follows: On March 7, 1948, Jesus Ramirez, appellant, was seriously injured by being struck by a beer bottle either thrown by or in the hands of one Alfonso Gill. Shortly after dark on that date Ramirez arrived at the store of Saturnino Chavez, appellee herein, located in the Gila Valley in Yuma County. Ramirez was looking for a man by the name of Rodriguez from whom he desired to borrow some money. He was accompanied to Chavez's store by his brother-in-law, Raoul Argomanez, one Esteban Casias and his small son. Ramirez and his associates had drunk at least three bottles of beer each during the afternoon before leaving home and he was sitting at the Chavez bar drinking another bottle with his friend Rodriguez when Chavez entered the store. According to Ramirez the first thing Chavez said to him was that he was going to put him out. There is a great deal of evidence to the effect that Ramirez at the time was using profanity and talking in a loud and threatening manner. The gravamen of his complaint was that some acquaintance of his who was an elderly man had been mistreated recently prior thereto while in the Chavez store. Ramirez denied the use of profanity or that his conversation was loud or threatening but admitted that he and Rodriguez were talking about the mistreatment of the elderly gentleman at the time he was informed that he would be put out. Upon being removed from the store by Chavez which was accomplished by Chavez taking him by the left arm and leading or pulling him out (Ramirez offering no resistance whatever) and while Chavez still had hold of him some 12 or 15 feet from the front door (some witnesses said 12 or 15 paces) one Alfonso Gill came up from behind Chavez and struck Ramirez between the eyes with a beer bottle tearing the left eye out of its socket and necessitating its permanent removal. The other eye was also seriously injured.

Ramirez brought an action in the superior court of Yuma County against Chavez and Gill alleging an unlawful assault and battery upon his person by defendants and further alleging that defendants were at the time acting in concert with each other and asked for damages for the injury sustained. The cause was tried to a jury and a verdict in the sum of $4000 was returned in favor of Ramirez and against

both defendants. Judgment was entered thereon. Thereafter on motion of defendant Chavez the verdict and judgment as to him was ordered set aside by the court and it was further ordered that judgment be entered, notwithstanding the verdict, in favor of Chavez. From this order and judgment plaintiff Ramirez appeals to this court. No appeal was taken by defendant Gill.

Ramirez presents two assignments of error, as follows:

1. The court erred in granting the motion of appellee Saturnino L. Chavez to set aside the judgment entered upon the verdict as to him upon the grounds (a) that the order is contrary to the law and the facts; (b) that plaintiff's evidence supported the verdict; (c) that there was substantial evidence (1) that Chavez and Gill were joint tort-feasors, (2) that Chavez and Gill were acting in concert with each other in committing the unlawful assault, (3) that Chavez actually participated in wrongfully causing appellant's injury, (4) that Chavez aided and abetted Gill in committing the unlawful assault and battery; (d) that there is evidence that the wrongful and tortious acts of Chavez concurred with the wrongful and tortious acts of Gill resulting in the injuries to appellant Ramirez.

2. The court erred in ordering judgment entered in favor of appellee notwithstanding the verdict for the same reasons set up in assignment No. 1.

We will discuss together the grounds upon which the assignments are based. It is not disputed anywhere in the record that the serious injuries sustained by Ramirez were inflicted by Alfonso Gill either by striking him with a beer bottle held in his hand or by throwing it at Ramirez while only a few feet away. As stated above, Gill did not appeal from the judgment of the trial court against him. Therefore the sole question for this court to determine is whether the judgment against Chavez should have been permitted to stand. If the verdict of the jury and the judgment entered thereon were supported by any competent or substantial evidence then it was error for the trial court to set the judgment aside and enter judgment, notwithstanding the verdict, for Chavez.

Let us first examine the legal status of the parties. Chavez was the owner and operator of the grocery store and bar where this trouble occurred. Both Gill and Ramirez together with many others were in the store and upon the premises by invitation. As owner and operator of the store and bar Chavez had the legal right to control and to permit those, whom he pleased, to enter and remain and he also had the right to remove from the store anyone who abused the privilege thus given him. 4 Am.Jur., Assault and Battery, § 76; Brookside-Pratt Min. Co. v. Booth,

211 Ala. 268, 100 So. 240, 33 A.L.R. 417. And even though Ramirez was present in his store Chavez had the right to revoke his license to remain therein at any time he desired and to evict him from the store if he refused to leave when requested to do so. Crouch v. Ringer, 110 Wash. 612, 188 P. 782, 9 A.L.R. 379, 33 A.L.R. 421. In Johanson v. Huntsman, 60 Utah 402, 209 P. 197, 201, the court approved the following statement of law from 2 R.C.L. 559: "'It is a well-settled principle that the occupant of any house, store, or other building has the legal right to control it, and to admit whom he pleases to enter and remain there, and that he also has the right to expel from the room or building any one who abuses the privilege which has been thus given him. Therefore, while the entry by one person on the premises of another may be lawful, by reason of express or implied invitation to enter, his failure to depart, on the request of the owner, will make him a trespasser, and justify the owner in using reasonable force to eject him.'"

In 9 A.L.R. 379 a number of cases are cited to the same effect in the annotations on the right to eject a customer from the store.

According to Ramirez he was only drinking a beer and talking about an elderly man who had recently prior to that day been mistreated in Chavez's store and that Chavez put him out because he didn't like his conversation. According to Chavez he put Ramirez out because he was using profanity and threatening language in the presence of women including his wife and daughter. Ramirez testified that Chavez told him he was going to put him out and that was the only word spoken to him by Chavez before removing him from the store. Although we must consider the evidence in this case in its most favorable light to sustain the verdict of the jury we are constrained to observe that the conduct of Chavez as described by Ramirez is contrary to the ordinary conduct of average persons similarly situated. But assuming Ramirez's statement of what occurred to be true we are of the view that when Chavez informed Ramirez he was going to put him out, this was sufficient to convey to Ramirez the information that it was desirable that he leave the premises and amounted to a request to leave. There is nothing in the record to indicate how quickly its execution followed after Ramirez received the information he was to be put out of the store. We believe it to be of little importance since according to the testimony of Ramirez, Chavez took him by the left arm and led him out using no undue force whatever as Ramirez did not resist at all. Such an action on the part of Chavez did not constitute a battery. Chavez in conducting Ramirez out of the store was engaged in the commission of no unlawful or tortious act or of any wrong against Ramirez. The fact that he led Ramirez 12 to 15 feet outside the door did not alter his legal status or make him

a wrong-doer. No witness testified that Chavez did more than lead Ramirez from the store into the yard, this being accomplished as above stated without any resistance whatever by Ramirez. The testimony of Ramirez was at first to the effect that Chavez held him by his left arm. Later in answer to the question, "You are certain are you, Mr. Ramirez, that at the time you were struck that Chavez was holding both your arms?" he answered "Yes, sir." At another place in the testimony he states "They were holding my arms." We hold that under the circumstances Chavez was in the exercise of a legal right in removing Ramirez from the store.

▉ It is not disputed by anyone that Alfonso Gill committed a battery upon Ramirez inflicting grievous injury upon his person. The question then is, did Chavez aid and abet Gill in the commission of such battery or was he acting in concert with him at the time such battery was committed? If he did aid and abet in the commission of such battery or acted in concert with him he is equally liable with Gill for the damages sustained by Ramirez. Aid and abet means simply to encourage, counsel, advise or assist in the commission of an act. The words comprehend all assistance rendered by acts or words of encouragement or support or presence actual or constructive, to render assistance should it become necessary. It means to assent to an act; to lend to it countenance and approval, either by an active participation in it or by in some manner advising or encouraging it. State v. Davis, 191 Iowa 720, 183 N.W. 314.

▉ The word "abet" includes the element of knowledge of the wrongful purpose of the perpetrator and counsel and encouragement in the illegal act while the word "aid" means to assist, to support the efforts of another. Anderson v. Board of Medical Examiners, 117 Cal.App. 113, 3 P.2d 344, 346.

It is evident from the above definition that Chavez was not an aider or abettor of Gill in the commission of the assault and battery upon Ramirez. Gill, according to plaintiff's evidence, came up behind Chavez and struck Ramirez with the beer bottle. There is no evidence whatever that Chavez knew that Gill was behind him or that he intended to strike Ramirez with a beer bottle or at all. Chavez did not know, so far as the record discloses, that Gill and Ramirez had spoken to each other that day or at any other time. Chavez had just returned from Yuma and had not spoken to Gill. He therefore could not have had any knowledge of Gill's intent or purpose and certainly there was no opportunity for an arrangement or agreement for concert of action between Chavez and Gill prior to the time Chavez removed Ramirez from the store. There isn't the slightest evidence to the effect that there was any agreement of purpose between them either before or after Chavez started to lead

244

Ramirez from the store. Gill was not and had never been employed by Chavez. He was not related to him in any way nor is there any evidence that they were close personal friends. Gill was simply one of 20 to 40 people who were there upon the premises, some of whom were in the store and others on the outside. His assault and battery upon Ramirez was wholly independent of Chavez's action in removing Ramirez from the store and was done without any community of purpose between Chavez and Gill.

Chavez having committed no unlawful, wrongful or tortious act against Ramirez and having no knowledge of the intent or purpose of Gill prior to the moment when he committed the assault and battery upon Ramirez, he could not be a joint tort-feasor with Gill or participate with Gill in the commission of a tort and there being nothing in the evidence from which even an inference can be drawn that Chavez either aided or abetted in the commission of the wrong against Ramirez by Gill or that he in any wise acted in concert with Gill in the commission of said wrong, we conclude that the trial court did not err in vacating the judgment against Chavez and in ordering judgment, notwithstanding the verdict, entered in his favor.

Judgment affirmed.

UDALL, C. J., and STANFORD, DE-CONCINI, and LA PRADE, JJ., concur.