604 P.2d 822

Eddie RAEL, Plaintiff-Appellee,

v.

Emilio CADENA and Manuel Cadena,
Defendants-Appellants.

No. 3921.

Court of Appeals of New Mexico.

Oct. 23, 1979.

John A. Budagher, Albuquerque, for defendants-appellants.

Leof T. Strand, Albuquerque, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant Emilio Cadena, a non-active participant in the battery of plaintiff Eddie Rael, appeals the judgment of the trial court finding him, along with the active participant, jointly and severally liable for the battery. We affirm.

The issue on appeal is whether a person present at a battery who verbally encourages the assailant, but does not physically assist him, is civilly liable for the battery.

On a visit in Emilio Cadena's home, Eddie Rael was severely beaten on the head and torso by Emilio's nephew, Manuel Cadena. As a result of the beating, he suffered a fractured rib and was hospitalized. Eddie Rael testified that once the attack had started, Emilio yelled to Manuel in Spanish, "Kill him!" and "Hit him more!" The trial court sitting without a jury found that Emilio encouraged Manuel while Manuel was beating Eddie. Based on this finding, the court held the Cadenas jointly and severally liable for the battery.

Emilio urges that in order for the trial court to have held him jointly liable for the battery, it had to find either that he and Manuel acted in concert, or that Manuel beat and injured Eddie as a result of Emilio's encouragement. This is a misstatement of the law.

This is an issue of first impression in New Mexico. It is clear, however, that in the United States, civil liability for assault and battery is not limited to the direct perpetrator, but extends to any person who by any means aids or encourages the act. *Hargis v. Horrine*, 230 Ark. 502, 323 S.W.2d 917 (1959); *Ayer v. Robinson*, 163 Cal. App.2d 424, 329 P.2d 546 (1958); *Guilbeau v. Guilbeau*, 326 So.2d 654 (La.App.1976); *Duke v. Feldman*, 245 Md. 454, 226 A.2d 345 (1967); *Brink v. Purnell*, 162 Mich. 147, 127 N.W. 322 (1910); 6 Am.Jur.2d *Assault and Battery* § 128 (1963); 6A C.J.S. *Assault and Battery* § 11 (1975); Annot., 72 A.L.R.2d 1229 (1960). According to the Restatement:

[f]or harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

\* \* \* \* \* \*

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself. \* \* \*

Restatement (Second) of Torts § 876 (1979).

Although liability cannot be predicated upon mere presence at a battery, *Duke, supra*; 6 Am.Jur., *supra*, verbal encouragement at the scene gives rise to liability. *Hargis, supra; Ayer, supra; Brink, supra.*

[A] person may be held liable for the tort of assault and battery if he *encouraged* or incited *by words* the act of the direct perpetrator. \* \* \* (Emphasis added.)

6 Am.Jur., *supra* at 108. Because he yelled encouragement to his nephew while the latter was beating Eddie Rael, Emilio Cadena is jointly liable with his nephew for the battery.

Contradictory evidence was offered as to whether Emilio Cadena did yell anything during the beating. Eddie Rael claimed that Emilio urged Manuel to beat him; Emilio denied that he said anything; and Manuel testified that he never heard Emilio. However, the trial court found that Emilio did verbally encourage Manuel to beat Eddie. Although the evidence was in conflict, the court could conclude from the testimony of Eddie Rael that Emilio Cadena verbally encouraged his nephew to attack. This testimony, if believed, is substantial evidence to support the trial court's finding. It is not the function of the appellate court to weigh the evidence or its credibility, or to substitute its judgment for that of the trial court. So long as the findings are supported by substantial evidence, they will stand. *Getz v. Equitable Life Assur. Soc. of U. S.,* 90 N.M. 195, 561 P.2d 468, *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SUTIN and ANDREWS, JJ., concur.