[No. 2985-9-III. Division Three. March 20, 1980.]

BARRY J. CLIFT, ET AL, *Appellants,* v. DONALD L. NELSON, ET AL, *Defendants,* ROBERT VAN TINE, ET AL, *Respondents.*

608

*Clinton J. Henderson* and *Steven C. Miller,* for appellants.

*Wesley Nuxoll, Nuxoll, McBride & Libey, Randall Stamper, MacGillivray & Jones, Curtis Shoemaker,* and *Paine, Lowe, Coffin, Herman & O'Kelly,* for respondents.

GREEN, C.J.—This is a civil action for assault and battery. Plaintiff appeals from orders granting summary judgment dismissing his action for battery against some of the defendants, namely, Willard and Ted Bauscher and Robert Van Tine. He also appeals the summary judgment orders dismissing both causes of action against other defendants, Steve McSweeney and Stan Riebold. Certain defendants remain in the case on both causes of action. The propriety of the summary judgment orders presents the only issue on appeal.

Viewed in the light most favorable to plaintiff, the written and oral discovery in this case presents the following picture: On May 28, 1975, plaintiff was employed as a deputy in the Whitman County Sheriff's Department. That evening, he responded to a call for assistance from a Colfax police officer, Doug McCray, who was investigating a fight in a Colfax tavern. When plaintiff arrived, he arrested one man and took him outside to the police car. He then turned his attention to Bill Roberts, a participant in the fight. Mr. Roberts was being loud and abusive, and plaintiff told him to quiet down. When Mr. Roberts continued his abuse, plaintiff attempted to arrest and handcuff him. Mr. Roberts responded by physically assaulting plaintiff. At this point, plaintiff and Officer McCray wrestled Mr. Roberts to the

sidewalk. In an effort to subdue Mr. Roberts, plaintiff grabbed him by the hair and forcibly hit his head against a grate in the sidewalk.

Meanwhile, a large crowd had gathered to observe the affray. Estimates of the size of the crowd were as high as 30 persons. When plaintiff began to hit Mr. Roberts' head against the sidewalk, the crowd became vocally negative in their objections to his conduct. While plaintiff could not recall any specific statements made by any particular individual, he stated that members of the crowd were making profane and threatening remarks about his actions. Likewise, Officer McCray could not remember any specific comments, but testified that he was afraid that the crowd would become violent.[1] During the struggle with Mr. Roberts, someone grabbed plaintiff by the hair, jerked him backwards, then kicked him in the back of the head. As a result, plaintiff suffered a permanent and disabling injury, including a 30 percent loss of hearing in his left ear. He, therefore, instituted this action against Mr. Roberts and others who were allegedly in the crowd. Only 10 of the estimated 30 members of the crowd were named in the action.

The fact of plaintiff's injury is not disputed on appeal. However, because the blow which caused the injury came from the rear, plaintiff cannot identify his assailant. All of the defendants to this appeal deny striking plaintiff or encouraging any other member of the crowd to do so. In fact, Mr. McSweeney denies saying anything at all to plaintiff. The others admit telling plaintiff to quit beating Mr. Roberts' head against the sidewalk, but deny threatening him in any manner. The only member of the crowd named in plaintiff's complaint who admits any physical contact with the plaintiff is Donald Nelson. While named as a defendant, he is not a party to this appeal.

---

[1] The dissent infers from Officer McCray's deposition that every member of the crowd was involved in the struggle or yelling and shouting at the police. We find nothing in the officer's deposition to support such a broad statement.

Defendants rely on the rule that bare allegations of fact without any supporting evidence are insufficient to raise a genuine issue for purposes of a motion for summary judgment. *Dwinell's Central Neon v. Cosmopolitan Chinook Hotel,* 21 Wn. App. 929, 933, 587 P.2d 191 (1978); *Meissner v. Simpson Timber Co.,* 69 Wn.2d 949, 955, 421 P.2d 674 (1966); *Balise v. Underwood,* 62 Wn.2d 195, 199, 381 P.2d 966 (1963). Specifically, defendants assert that the bare allegations of tortious conduct without evidence of any particular acts committed by them do not raise a genuine issue of fact and, therefore, summary judgment was properly granted.

Plaintiff counters that he is not required to come forward with evidence supporting his charges against the defendants because, given the circumstances surrounding the injurious activity, the defendants bear the burden of proving their lack of liability. He relies on the holding of *Summers v. Tice,* 33 Cal. 2d 80, 199 P.2d 1 (1948), 5 A.L.R.2d 91 (1949), which was adopted in Restatement (Second) of Torts § 433B (1965). That section states:

(3) *Where the conduct of two or more actors is tortious,* and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm.

(Italics ours.) In that situation, justice requires that the wrongdoers bear the burden of proof as to causation, rather than the innocent plaintiff.

 Before a plaintiff may rely on section 433B, he must show that each defendant acted in a tortious manner. Only then does the burden shift to the defendant to prove that his act was not the cause of plaintiff's injury. Here, plaintiff has not come forward with any evidence that these defendants either directly inflicted a battery upon him, or as members of the crowd encouraged others to do so. The mere presence of the particular defendants at the commission of the wrong is not enough to charge them with tortious conduct. *Smith v. Drew,* 175 Wash. 11, 18, 26 P.2d

1040 (1933); *State v. Razey*, 54 Wn.2d 422, 341 P.2d 149 (1959). Consequently, the Restatement rule does not apply.

 Furthermore, it would be unfair to apply section 433B to a situation where the plaintiff has not produced any evidence of tortious conduct by these particular defendants. On the evidence presented, the trier of fact could only speculate as to whether the defendants committed the battery. Such speculation should not be permitted. *See Wetzel v. Eaton Corp.*, 62 F.R.D. 22, 29 (D. Minn. 1973) (speculation is insufficient to constitute an adequate showing under Fed. R. Civ. P. 56(c)); *State v. Razey, supra.* Perhaps, the battery was accomplished by one not named as a party and acting independent of the remarks of onlookers.

The fact that plaintiff has sustained an injury does not entitle him to put another party to the expense of trial unless there is evidence that the other party committed the wrong or caused the injury. While we are sympathetic to plaintiff's position, he had his opportunity to present a prima facie case and failed to do so. We are also mindful of the position of the defendants who could be subjected to liability based upon conjecture and speculation. To allow a judgment against an innocent defendant would be as great an injustice as denying plaintiff a recovery. He has had his day in court on the motion for summary judgment as to these defendants and will have his day in court as to the remaining defendants.

Affirmed.

ROE, J., concurs.

McINTURFF, J. (dissenting)—If the decision of the majority is allowed to prevail, it would lend credence to the statement of Mr. Clift's counsel during oral argument:

> Some years ago when I was in law school we were studying cases like this and the professor called upon one of my classmates and he said, "what have you learned from all of this?" He said, "well, if you're going to commit

your torts, you'd better do it in groups." I would like to think that was not a correct answer.

Particularly under these circumstances the plaintiff, Mr. Clift, should have his day in court—that is, a day where the credibility of all defendants can be evaluated by the trier of fact.

Mr. Clift initiated this suit for damages alleging assault and battery. An individual commits an assault and battery and is subject to civil liability therefor if he (a) directly perpetrates the act charged, or (b) by any means encourages or incites that act or aids and abets it.[2] The seriousness of Mr. Clift's injury is not disputed. With the aid of a private investigator, he named as defendants those members of the group who participated in this act of mob violence. But, because neither Mr. Clift nor the other police officer could articulate the group's precise threats or the identity of the person who kicked Mr. Clift from behind, the court granted summary judgment in favor of these defendants.

Because he was struck from behind, on the back of the head, Mr. Clift cannot identify his assailant. The members of this mob were not all known to the officer. The defendants, on the other hand, are in the best position to identify the culprit. As might be expected, on their motion for summary judgment, all of these defendants denied having seen anyone strike the plaintiff in any way that could be expected to result in an injury, yet none of them deny their presence at the scene. A reasonable inference from the facts establishes their active involvement in the affray.

---

[2]*Thompson v. Johnson,* 180 F.2d 431, 433 (5th Cir. 1950); *Ramirez v. Chavez,* 71 Ariz. 239, 226 P.2d 143, 146 (1951); *Hargis v. Horrine,* 230 Ark. 502, 323 S.W.2d 917, 919, 72 A.L.R.2d 1223 (1959); *Mock v. Polley,* 116 Ind. App. 580, 66 N.E.2d 78, 81–82 (1946); *Brink v. Purnell,* 162 Mich. 147, 127 N.W. 322, 323 (1910); *Toone v. Adams,* 262 N.C. 403, 137 S.E.2d 132, 136 (1964); *Pike v. Eubank,* 197 Va. 692, 90 S.E.2d 821, 826 (1956); 3 J. Dooley, *Modern Tort Law: Liability and Litigation* § 43.09 (1977). *See also Smith v. Drew,* 175 Wash. 11, 17, 26 P.2d 1040 (1933).

It was an injustice to determine the merits of the plaintiff's case on the basis of a summary judgment. Where the material facts are particularly within the knowledge of the moving party, the cause should proceed to trial so the opponent may be given an opportunity to disprove the position of the moving party by cross-examination. The trier of fact, and not this court on the basis of a cold record, would then have had an opportunity to observe the demeanor of the witnesses while testifying.[3]

In fact, had this case proceeded to trial, Restatement (Second) of Torts § 433B(3) (1965) is particularly appropriate. Mr. Clift, having presented evidence that he was injured by a member of a hostile and threatening crowd of which the defendants were all members, would then have the benefit of section 433B(3), which provides:

> Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm.

Generally, the plaintiff has the burden of proving a defendant's tortious conduct caused the harm. Restatement (Second) of Torts § 433B(1) (1965). The above principle marks an exception to this rule in view of:

> the injustice of permitting proved wrongdoers, who among them have inflicted an injury upon the entirely innocent plaintiff, to escape liability merely because the nature of their conduct and the resulting harm has made it difficult or impossible to prove which of them has caused the harm.

Restatement (Second) of Torts, Comment on subsection 433B(3) at 446 (1965).

The evidence presented by way of deposition placed each of the defendants within close proximity to Mr. Clift as he

---

[3]*Subin v. Goldsmith,* 224 F.2d 753, 758–59, (2d Cir. 1955); *United States v. Logan Co.,* 147 F. Supp. 330, 333 (W.D. Pa. 1957); *Felsman v. Kessler,* 2 Wn. App. 493, 496–97, 468 P.2d 691 (1970).

was attempting to effect a lawful arrest. Mr. Clift and Officer McCray described the mood of the crowd as hostile and riotous. Threats from the loud and angry mob such as, "Kill the S.O.B." and "Kill the Pig" naturally caused the plaintiff to fear for his physical safety. Officer McCray said no member of the crowd was passive—so by inference the members of the crowd were actively involved in the struggle or yelling and shouting at the police. Mr. Van Tine, Mr. Riebold and Mr. Willard Bauscher admit yelling at Mr. Clift. Mr. McSweeney states he was silent, but Officer McCray denied Mr. McSweeney was a passive member of the group. Construing the evidence most favorably to the plaintiff as the nonmoving party, this evidence was sufficient to survive a summary judgment dismissal. The evidence outlined above shows the defendants, by their conduct and words, tortiously incited, encouraged, aided and abetted in the commission of a battery. Moreover, the evidence gives rise to the reasonable inference that one or more of these defendants was the person who committed the battery.

The issue here is the plaintiff's right to his day in court—not, as the majority contends, "a judgment against an innocent defendant" "based upon conjecture and speculation." Any judgment against the defendants would be the result of a determination by the trier of fact, by a preponderance of the evidence, that one or more of the defendants proximately caused the plaintiff's permanent injury.

I respectfully dissent.

Reconsideration denied April 4, 1980.

Review denied by Supreme Court June 20, 1980.